·AUGUSTINE SCOTT *et al.* V. EVA G. SCOTT.

No. 15,916.

SYLLABUS BY THE COURT.

ALIMONY—*Judgment Lien.* Notwithstanding the statute making
judgments liens on the real estate of the debtor within the
county, an allowance of permanent alimony payable in instal-
ments does not create a lien on any property of the husband
unless the record affirmatively discloses that the court in-
tended it to ·have that effect.

Error from Greenwood district court; GRANVILLE P.
AIKMAN, judge. Opinion filed July 3, 1909. Reversed.

*Jackson & Darby,* and *S. F. Wicker,* for the plaintiffs
in error.

*Howard J. Hodgson,* for the defendant in error.

The opinion of the court was delivered by

MASON, J.: Eva G. Scott obtained a divorce from
Chasteen F. Scott. In her petition she had asked to be
allowed as alimony a tract of land situated in the
county. The parties stipulated, however, that the hus-
band should pay the wife $250, which he did, and that
she should also be allowed $20 a month for the main-
tenance of their two children, if she should be awarded
their custody. The decree so far as here important
read:

"That the property rights of said parties be settled
as per the terms of said stipulation; that plaintiff be
barred from any further alimony in or to defendant's
real or personal property; that she have no right in the
real estate set out in the petition; that plaintiff shall
have the care and custody and education of the two
children, Esther Scott and Fay F. Scott; that the de-
fendant be required to pay plaintiff as a part of the
permanent alimony provided in the said stipulation, for
plaintiff the sum of twenty dollars per month, on the
first day of each month, for maintenance of said chil-
dren, and that defendant pay the costs of this suit,
herein taxed at $12.31, and hereof let execution issue."

After several years Scott ceased to pay the instalments of alimony. Mrs. Scott then caused execution to be levied upon the land referred to, which he had owned when the decree was rendered, but which he had in the meantime deeded to his brother, Louis Scott. The land was sold under the execution and bid in by Mrs. Scott. Louis Scott then brought suit against her to quiet his title—in effect, to determine the validity of the execution sale—and, being denied relief, prosecutes error. The sole question involved is whether the decree created a lien on the real estate for the payment of the alimony.

.Cases relating to similar questions are collected in volume 2 of the American and English Encyclopædia of Law, at page 133, and volume 14 of the Cyclopedia of Law and Procedure, at page 783, but for the most part they are so affected by local statutes as to be of little value as precedents here. In Kansas the law (Civ. Code, § 419) makes judgments of courts of record liens on the real estate of the debtor within the county, and a judgment is defined to be the final determination of the rights of the parties in an action (Civ. Code, § 395). A decree for alimony fits this definition and is within the letter of the statute. Its precise character and effect, however, must be decided in view of this language of the section of the code which authorizes it:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall . . . be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, . . . which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in instalments, as the court may deem just and equitable." (Civ. Code, § 646.)

The court is thus given absolute control of the matter. It may, within reasonable limits, dispose of the husband's property as it sees fit. It may take from him anything he has and give it to the wife. And this necessarily implies that it may create a lien for her benefit

upon any real estate he possesses. (*Blankenship v. Blankenship,* 19 Kan. 159.) Obviously it also has the power to free any particular tract from all lien, so as to enable the husband to pass a title clear of any claim on the part of the wife. Probably by the use of language indicating such purpose it may give its decree awarding a fixed sum as alimony the precise effect of an ordinary money judgment, collectable by execution and operating as a lien on the husband's real estate. But the question of present moment is, What was the intention of the court in this case? Where alimony is ordered to be paid in instalments, and nothing is said as to the manner of its collection, we think the fair inference is that the court intends the order to be enforced, not by lien and execution—a remedy manifestly ill adapted to the purpose, but by attachment for contempt if payment is not made—a remedy always available (14 Cyc. 799) and ordinarily efficacious. In the language of the decree above quoted there is nothing to indicate an intention to give the wife a lien upon the husband's land. The words "that she have no right in the real estate set out in the petition" have a contrary tendency. Although the phrase "and hereof let execution issue" may consistently with good usage be deemed to relate to the allowance of alimony, it may with equal propriety be regarded as having reference solely to the judgment for costs. It results from these considerations that the decree for alimony did not create a lien on the land, and Louis Scott was entitled to have his title quieted.

In *Conrad v. Everich et al.,* 50 Ohio St. 476, under substantially the same statutory provisions, it was held that a decree for alimony in money payable in gross operated as a lien on the husband's lands within the county. There, however, the trial court expressly authorized the collection of the alimony by execution, thus indicating a purpose to give the decree the qualities of an ordinary judgment. That case was followed in *Goff*

*v. Goff*, 60 W. Va. 9, where the same rule was applied to a decree requiring the payment of alimony in instalments; but the decision was affected by the fact that the decree itself declared the alimony a lien.

The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.

GRAVES, J., not sitting.