# Richmond

## ISAACS V. ISAACS.

### November 20, 1913.

#### Absent, Buchanan and Whittle, JJ.

1. DIVORCE—*Decree for Alimony—Effect on Property—Judgment of Another State.*—A decree for alimony rendered by a court of this State, having full jurisdiction over the parties and the subject matter of the suit, in so far as it affects the rights of property established by said decree, cannot in any wise be affected by a decree rendered by a court of another State in a suit between the same parties.

Appeal from a decree of the Circuit Court of Russell county in several suits heard together.

*Reversed.*

The opinion states the case.

*Vicars & Peery, W. W. Bird* and *Routh & Routh,* for the appellant.

*Finney & Wilson,* for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by S. F. Isaacs as guardian of certain infant defendants, setting out that G. G. Isaacs, the former guardian of the infants, had confessed a judgment as such guardian in the circuit court of Russell county for the sum of $1,811.75, with interest from March 13, 1909, and praying that certain real estate of the defendant in the counties of Russell and Wise might be sold

and the proceeds applied to its satisfaction. This bill was filed at the first April rules, 1909, and on the 18th day of May of that year Minnie L. Isaacs filed her petition in which she alleges that the judgment set forth in the bill is fraudulent and void, so far as her rights are concerned, and was confessed for the purpose of hindering and delaying her in the enforcement of a decree for alimony and suit money rendered in her favor upon her bill filed in the circuit court of Wise county, in which G. G. Isaacs was defendant.

In the divorce suit J. H. Darter was appointed to receive any money decreed to Minnie L. Isaacs for her support and that of her infant children, and the prayer of her petition is that she and J. H. Darter may be made parties defendant to the bill filed by S. F. Isaacs for the enforcement of his judgment against G. G. Isaacs.

The pleadings are in a confused state by reason of the several bills, answers and cross-bills which were filed, and without going into them in detail we shall content ourselves with stating that in the divorce suit in Wise county a decree was entered on the 11th day of July, 1908, enjoining and restraining G. G. Isaacs from selling or in any way disposing of any of the property, either real or personal, set forth in the bill of complaint, "so the said property, both real and personal, and said estate shall be forthcoming to meet any decree which may be made in this cause."

On the 11th day of January, 1909, a further decree was entered in the divorce suit in Wise county, in which it was decreed that the defendant pay to J. H. Darter, receiver, the sum of forty dollars, "temporary alimony for the month of January, $10.00 having been paid in cash to complainant, and that said defendant pay to J. H. Darter on the first day of each month until the further order of this court the further sum of fifty dollars per month for temporary ali-

mony for complainant; and the said J. H. Darter is hereby ordered to pay unto said complainant the sum of $10.00 in cash each month out of the said money received by him for the defendant and to furnish to complainant such wearing apparel and supplies as complainant may desire for herself and children to the amount of forty dollars each month, the residue of the said alimony hereby directed to be paid; and the said J. H. Darter is directed to furnish an itemized account of the supplies and wearing apparel furnished complainant pursuant to this order and to file the same in the papers of this cause on the first day of the next term of this court."

Next in order after these decrees comes the confession of judgment set out in the original bill filed by S. F. Isaacs, dated February term, 1909, for $1,811.75, with interest from the 12th of March, 1909, and costs.

On the 4th of February, 1910, a further decree was entered in the circuit court of Wise county, in which it is adjudged and ordered that "Minnie L. Isaacs be and she is hereby granted a divorce from bed and board from the defendant, G. G. Isaacs, and the complainant and defendant be and they are hereby perpetually separated. And it is further adjudged, ordered and decreed that the restraining order heretofore rendered herein on the 11th day of July, 1908, be and the same is hereby perpetuated, and that the defendant, G. G. Isaacs, is perpetually enjoined and restrained from in any way interfering with said complainant and her infant children mentioned in said bill of complaint, or of doing any violence to them or either of them; and that said defendant is also perpetually enjoined and restrained from selling or in any way disposing of any of the property, real or personal, named and set forth in said bill of complaint, during the lifetime of complainant, and that said property, both real and personal be and the same is hereby held as security for the payment of the alimony

hereinafter decreed in favor of complainant as well as the
alimony heretofore decreed in favor of complainant, and
the costs of this suit, and the unpaid attorney's fee ad-
judged to be paid by the defendant, G. G. Isaacs, to counsel
of complainant for their services in the prosecution of this
suit. And it is further adjudged, ordered and decreed that
the defendant, G. G. Isaacs, do pay to complainant the
sum of fifty dollars per month, due and payable on the first
day of each and every month from the date hereof during
the lifetime of complainant, as well as the alimony hereto-
fore decreed to be paid to her, and that said defendant
shall pay unto Vicars & Peery and H. A. Routh, attorneys
for complainant, the sum of one hundred and fifty dollars,
counsel fees, the said defendant having heretofore paid to
the said Vicars & Peery on account of counsel fees the sum
of fifty dollars; the court being of opinion that the sum of
two hundred dollars is a reasonable sum to be paid by the
said G. G. Isaacs, defendant, as counsel fees to the said at-
torneys of complainant for their services in the prosecu-
tion of this suit. And it further appearing to the court
from the report of J. H. Darter, receiver, filed herein,
that the defendant, G. G. Isaacs, has only paid the sum of
one hundred and forty dollars on account of temporary
alimony heretofore adjudged and decreed to be paid by him
to the said J. H. Darter, receiver, for the benefit of com-
plainant, by decree rendered herein on the 11th day of Janu-
ary, 1909, and that the said G. G. Isaacs has refused to pay
the said alimony and comply with the terms of said de-
cree of January 11, 1909, aforesaid, and that there remains
now unpaid on account of said temporary alimony the sum
of five hundred and ten dollars, with interest thereon from
the date hereof; it is therefore adjudged, ordered and de-
creed that complainant recover against defendant the said
sum of five hundred and ten dollars, with interest thereon
from the date hereof, and her costs about the prosecution

of this suit in this behalf expended . . ;" and the decree further directed that unless the sum decreed were paid within thirty days, H. A. Routh should sell the property in the bill and proceedings mentioned, or a sufficient part thereof, at public outcry at the front door of the courthouse of Russell county, at Lebanon, to satisfy and discharge the said sum of five hundred and ten dollars, with interest, and the costs of the suit, and the sum of one hundred and fifty dollars decreed to be paid as attorneys' fee for the complainant, and all of the unpaid alimony due and unpaid at the time of the sale, under the terms of the decree of February 4, 1910.

Such was the condition of affairs when G. G. Isaacs, in a supplemental answer to the cross-bill filed by Minnie L. Isaacs in the Russell county suit, appeared with what seems to be the transcript of the record of a suit in the circuit court of Harlan county, Kentucky, from which we gather that on or about March 21, 1910, George G. Isaacs, claiming to be a resident of and domiciled in Harlan county, Kentucky, filed his petition setting forth his marriage with the defendant, Minnie L. Isaacs, that she had abandoned and deserted him and had been guilty of adultery with certain persons, one of whom is named in the petition. An amended petition was filed setting out his case more at large. The defendant was cited to appear and did appear by counsel, and filed her answer, in which she denies that the plaintiff ever had any residence in the State of Kentucky, denies all charges of abandonement and adultery made against her, sets forth the proceedings in the circuit court of Wise county; and in fact, we may say, she puts in issue every allegation of the petition, with the result that the Harlan county court entered a judgment dissolving the bond of matrimony theretofore existing between the plaintiff and defendant and restoring the plaintiff, George G. Isaacs, to all the rights and privileges of an unmarried

person; and further adjudging that "the parties hereto and each of them, are ordered and directed to restore to the other all property not disposed of at the commencement of this action which they may have obtained directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof."

On December 13, 1910, in the circuit court of Russell county, the cases of *S. F. Isaacs, Complainant,* v. *G. G. Isaacs, Defendant,* and *Minnie L. Isaacs, Complainant,* v. *G. G. Isaacs and Others, Defendants,* on cross-bill, were brought on to be heard together, upon depositions taken and filed in the cause, and upon the supplemental answer of Isaacs to the cross-bill, upon the exhibit of Harlan circuit court proceedings filed with the answer, to the filing of which supplemental answer Minnie L. Isaacs objected and filed exceptions, and upon the agreement of counsel representing all parties in interest. Thereupon, the court, without passing upon the objection of Minnie L. Isaacs to the filing of the supplemental answer, or to the validity of the plaintiff's judgment asserted in the original bill, or to the validity of the decree for alimony, referred the case to a commissioner to ascertain and report "what land the said G. G. Isaacs is now siezed of, subject to the liens asserted against him in this cause, what of the lands have been sold that are set forth and described in complainant's bill since the original bill was filed in this cause, and to whom sold and for what purpose, and upon what debts, if any; what said land brought and what purchase money had been paid, and to whom paid; and rental value of all lands now owned by the said G. G. Isaacs in the counties of Russell and Wise, whether or not there are any unpaid taxes thereon, and all liens of all character against the said G. G. Isaacs, together with what land he owns subject to said liens."

On the 17th day of April, 1911, the commissioner in chancery filed the report called for in that decree. To this report Minnie L. Isaacs excepted, because it reports against G. G. Isaacs a judgment alleged to have been confessed at the February term, 1909, of the circuit court of Russell county, and the charge made by exceptant in her answer and cross-bill, that this judgment was confessed for the purpose of hindering, delaying and defrauding her in the collection of the amounts decreed in her favor by the circuit court of Wise county is reiterated.

This exception was overruled by the circuit court, and its decree in that respect is hereby affirmed. The evidence adduced in the record is insufficient to establish the charge of fraud.

The report was excepted to also by S. F. Isaacs and G. G. Isaacs, because the commissioner as lien No. 2 reports the judgment in the circuit court of Wise county for the sum of $50 a month from the 11th day of January, 1909, and the further sum of $200 with interest from the 4th day of February, 1910, subject to certain credits stated in the report. This lien is excepted to, first, because it has been paid, and, second, because the decree under which it was asserted has been set aside and annulled. These exceptions the decree appealed from sustained, but no reason is assigned in the decree for the action of the court.

We are unable to discover in the record evidence that the decrees in favor of the appellant in the divorce suit have ever been paid and satisfied to her.

The next ground of exception is because the decree under which said lien is asserted has been set aside and annulled. The exception refers, we presume, to the proceedings in the circuit court of Harlan county, Kentucky. What may have been the effect of the decree of that court upon the personal status of the parties plaintiff and defendant, we shall not undertake to inquire or decide. Let it be con-

ceded that while the Virginia court only went so far as
to grant a mere separation—a divorce from bed and board
and not from bonds of marriage—the Kentucky decree right-
fully, under the circumstances and proofs before it, went
further and dissolved the marriage theretofore existing
·between the parties. It can in no wise, we think, affect
the rights of property established by the courts of this
State, which had full jurisdiction over the parties and the
subject matter of the suit.

We are of opinion, therefore, that notwithstanding the
proceedings and judgment in the circuit court of Harlan
county, Kentucky, the decrees of the circuit courts of Wise
and Russell counties with respect to the alimony awarded
Mrs. Isaacs and the counsel fees decreed to be paid to her
attorneys remained in full force and effect; and that the
exception filed by S. F. and G. G. Isaacs to lien No. 2, as
reported by the commissioner, should have been overruled.

That the lien, to the extent that it is reported by the
commissioner in favor of Mrs. Minnie L. Isaacs is a valid
and subsisting one, we have no doubt; and we are not pre-
pared to say that the chancery court having acquired juris-
diction over the subject matter and over the parties in the
Wise county suit, and having granted a divorce from bed
and board and fixed the permanent alimony of Mrs. Isaacs
at $50 a month during her life, does not override and take
precedence of the judgment confessed by G. G. Isaacs after
the institution of the suit and the entry of the decrees of the
11th of January, 1909, and of February 4, 1910. The ques-
tion is one of great interest and importance and should only
be decided after full investigation by counsel and the court.
We shall, therefore, content ourselves for the present with .
reversing the decree appealed from, in so far as it sustains
the exceptions taken by S. F. and G. G. Isaacs, and will
enter a decree to that effect, and directing the circuit court
to refer the case to a commissioner to ascertain and report

what amount is due for alimony and suit money upon a statement of the decree upon the basis heretofore considered by the commissioner in his report; and what amount would be due as alimony and suit money if the court should be of opinion that the monthly instalments of alimony accrued and accruing under the decrees heretofore entered in the divorce suit constitute a primary charge upon all the real estate of G. G. Isaacs within the jurisdiction of the court.

*Reversed.*