No. 20,942.

DAKOTA McGILL, *Appellant*, v. C. F. McGILL, *Appellee*.

SYLLABUS BY THE COURT.

1. DIVORCE—*Alimony in Monthly Installments—Judgment Not Released.* After a decree of divorce and an order for the payment of alimony in monthly installments the defendant sought to obtain from plaintiff's counsel a release of the order and paid him $25. It appears that counsel did not intend to release the judgment and had no authority so to do, but intended only to receipt for an attorney's fee. The entry on the judgment docket consisted of the two words "Judgment released." *Held*, that no lawful release of the order for the payment of alimony was shown.

2. SAME — *Alimony in Monthly Installments — Default in Payments — Statute of Limitations.* The order for the payment of alimony in monthly installments did not of itself constitute a lien upon any land of the defendant within the county. Whether or not any part of such order became dormant for failure for twenty years to take any steps toward its enforcement, it can not be held that all the monthly payments required thereby were barred by the statute of limitations.

3. SAME—*Remarriage of Wife—Right to Alimony Continues.* The general rule is that a divorced wife's remarriage to another does not of itself operate as a release of the former husband's obligation to pay alimony, although it may well furnish a ground for discharging him from further payments.

4. SAME—*Laches in Enforcing Payments of Alimony.* From the record it does not appear that the plaintiff by laches has lost her right to all the monthly payments ordered to be made to her by the defendant, mere delay not necessarily constituting laches.

5. SAME—*Alimony—Default in Payment—Prima Facie Case for Contempt.* It is held that the plaintiff made out a prima facie case and it was error to deny her motion to require the defendant to show cause why he should not be held in contempt for failure to obey the order to pay alimony.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed July 7, 1917. Reversed.

*L. A. Madison, Carl Van Riper,* both of Dodge City, and *F. Dumont Smith*, of Hutchinson, for the appellant.

*A. L. Moffat*, of Kinsley, for the appellee.

McGill v. McGill.

The opinion of the court was delivered by

WEST, J.: The plaintiff on January 14, 1916, filed a motion praying that an order issue to the defendant to appear and show cause why he should not be adjudged guilty of contempt for failing to comply with an order made by the court on October 15, 1895, requiring him to pay the plaintiff $10 a month alimony on the first day of each month, a divorce having been granted to the plaintiff at that time. The defendant moved to set aside the judgment for alimony, setting up that the judgment had been released, that since the release no payment had been made, and that the plaintiff was barred from any relief by the statute of limitations.

It appears that after the divorce the plaintiff, with her two little girls, lived with her parents until some eight years before filing her motion, most of the time being spent in South Carolina; that she raised and supported the children, who are now married, without any help from the defendant; that in 1908 she remarried, lived about two years with her second husband and was divorced from him on the grounds of drunkenness and cruelty, being awarded no alimony. A year or two after the divorce between the parties hereto the defendant desired to have the alimony order released, and claims to have paid counsel for plaintiff, who is also her counsel now, for a release. The appearance docket shows a charge of five cents for filing release, and twenty cents for entering it on the judgment docket. The files are lost. The entry on the judgment docket consists of two words, "Judgment released." Plaintiff's counsel testified that the defendant wanted to know if he would press him for alimony if he came back, to which counsel responded that he knew nothing about the plaintiff as she had left the country and that upon receipt of $25 attorney's fee, he having nothing to do with the alimony, he would not press that, and that he executed a release for his attorney's fee, but had no authority to compromise or release plaintiff's alimony. The defendant was remarried in 1897. No effort heretofore seems to have been made to require any attention to be paid to the alimony order. The court discharged the defendant and the plaintiff appeals.

The defendant seeks to justify the action of the court on the grounds that the record showed a release, that the proceeding was barred by the statute of limitations, that the plaintiff's remarriage had the effect of depriving her of any further right to look to the defendant for alimony, and that she was guilty of laches.

From the testimony it does not appear that the judgment or order requiring the payment of alimony was ever in fact or in law released, although it may well be that the defendant thought he had secured its release. From the showing made the plaintiff did not consent to any release nor authorize her counsel to execute any, and what was done regarding the payment of an attorney's fee together with the entry of the two words "judgment released" on the docket are not deemed sufficient to operate as a satisfaction.

The statute of limitations is invoked on the theory that the order for the payment of alimony amounts to a judgment collectible on execution and liable to dormancy in five years.

Section 7346 of the General Statutes of 1915 provides that unless execution be sued out within five years from the date of any judgment it shall become dormant and cease to operate as a lien on the estate of the judgment debtor. By section 7320 judgments are made liens on the real estate of the debtor within the county where they are renderd. In *Scott v. Scott*, 80 Kan. 489, 103 Pac. 1005, the nature of an order for the payment of alimony was considered and it was held that an allowance of permanent alimony payable in installments does not create a lien on the property of the husband unless the record affirmatively discloses that the court intended it to have that effect. It was said in the opinion that a decree for alimony fits the definition of a judgment under section 395 [Civ. Code of 1909, § 393] of the civil code, but that as the court in making the order has full control of the matter as to whether or on what property it shall become a lien, in the absence of any direction the fair inference is that the court intends the order to be enforced by an attachment for contempt and not by lien and execution. Whether any other proceeding would be necessary to keep an order of this sort alive is not discussed and need not be determined at this time. Even on the theory of statutory dormancy each succeeding month brings a new liability and

McGill v. McGill.

the dormancy of the order as to payments up to a certain date would not have the effect of barring the plaintiff from subsequent payments on which on any theory the statute of limitations had not run. Touching various phases of this question the following authorities are more or less in point: 23 Cyc. 1510; *Lemert v. Lemert,* 72 Ohio St. 364; *Peeke v. Fitzpatrick,* 74 Ohio St. 396; *Dewey v. Dewey,* 151 Mich. 586; *DeUprey v. DeUprey,* 23 Calif. 352; *Gaston v. Gaston,* 114 Cal. 542; *Stokes v. Sanborn,* 45 N. H. 274; *Schuler v. Schuler,* 209 Ill. 522.

Whatever may be thought or should be thought about the policy or propriety of requiring a divorced husband to continue payments of alimony to a wife, remarried to another man, the authorities are preponderant in support of the doctrine that her remarriage does not of itself operate as a release of the obligation, although it may well be a ground of application for discharging the defendant from further payments. (14 Cyc. 787; 1 R. C. L. 950; 2 A. & E. Encycl. of L. 138; Note, 11 Ann. Cas. 523.)

It is argued that the claim is stale and the defendant has been guilty of laches. But from the meager showing furnished by the record, the hardships endured by the plaintiff, and the absence of any testimony touching the past or present ability of the defendant to pay, it does not appear that by her delay the plaintiff has lost all her rights to all the monthly payments ordered to be made to her. Mere delay does not necessarily constitute laches. (*Hudson v. Herman,* 81 Kan. 627, 107 Pac. 35; *Harris v. Defenbaugh,* 82 Kan. 765, 109 Pac. 681; *Dusenbery v. Bidwell,* 86 Kan. 666, 121 Pac. 1098; *Osincup v. Henthorn,* 89 Kan. 58, 130 Pac. 652; *City of Hutchinson v. Hutchinson,* 92 Kan. 518, 141 Pac. 589.)

The majority of the court are of the opinion and hold that the plaintiff made out a prima facie case by virtue of which the defendant should have been required to show cause why he should not be held in contempt and that no sufficient showing of the kind was made by him.

The order discharging the defendant is reversed and the cause remanded for further proceedings.

WEST and MARSHALL, JJ., dissent.