MARIE H. GRAY, Appellant, v. OSCAR F. GRAY, Respondent.

(176 N. W. 7.)

**Divorce and separation — jurisdiction of the supreme court — supreme court will not modify decree of divorce on original application.**

1. In divorce actions the supreme court has appellate jurisdiction only (Const. §§ 86, 87), and cannot entertain an original application for modification of a decree of divorce so as to allow an increase of alimony.

**Divorce — order requiring plaintiff wife to comply with decree in her favor as to deed to homestead not prejudicial to her.**

2. For reasons stated in the opinion it is *held* that the order appealed from in this case, in effect, merely required the plaintiff to comply with the provisions of a final decree of divorce, and hence plaintiff is in no position to assert that the order is erroneous.

Opinion filed December 31, 1919.

Appeal from the District Court of Cass County, *Cole*, J.

Plaintiff appeals from an order requiring her to comply with the provisions of a final decree of divorce.

Affirmed.

*M. A. Hildreth*, for appellant.

The court, under the showing made, is not justified in making the order; and, second, that the order is one that does not appeal and cannot appeal to the equitable side of this court. See Rindlaub v. Rindlaub, 19 N. D. 353; Rindlaub v. Rindlaub, 28 N. D. 168.

The adjudication as to the real property and the lien cannot be modified by this court. See A. D. Baker Co. v. Booher, 153 Wis. 319; Blake v. Blake, 35 N. W. 551; Hamilton v. McNiel, 129 N. W. 480; Tuttle v. Tuttle, 128 N. W. 695; Mayer v. Mayer, 117 N. W. 890; Kinney v. Kinney, 129 N. W. 826; Newell v. Newell, 130 N. W. 743; Zanger v. Zanger, 126 N. W. 703.

The cost of the transcript, the clerk's fee in the district court for the record in this court, ought to be paid by this defendant. He should be required to reimburse Mrs. Gray by the payment of all the expenses of this application and by the allowance of reasonable attorney's fees. Gray v. Gray, 31 N. D. 618.

This court has jurisdiction of the appeal. It likewise has jurisdiction over this application. An application of this kind can be made

in this court, because it not only has jurisdiction over the district court, but it likewise has jurisdiction over the person and subject-matter of the plaintiff and defendant in this cause. Rindlaub Case, 19 N. D. 353, and same case in 28 N. D. 168.

The provision of the divorce decree for future monthly payments by defendant until the further order of the court, being for an indefinite time and amount not yet accrued, is not a definite liability or a judgment for a specific sum which may become a lien upon his property. Mansfield v. Hill (Or.) L.R.A.1916B, 651, 107 Pac. 473.

A decree granting permanent alimony does not become a specific lien on the husband's estate unless so provided by statute, and the jurisdiction of a court of equity over alimony cannot ordinarily be extended so as to authorize the creation of such a lien. 14 Cyc. 783.

Future payments of alimony cannot be made a lien on the husband's property. Kurtz v. Kurtz, 38 Ark. 119.

Alimony should not be declared a lien on the husband's land as it embarrasses alienations. Casteel v. Casteel, 38 Ark. 477.

In the absence of express statutory authority, the court has no power to make a decree for permanent alimony a lien on the defendant's personal property. Johnson v. Johnson, 22 Colo. 20, 43 Pac. 130.

A decree for alimony to be paid in instalments is not a lien on defendant's land unless a charge thereon by the decree itself. Hungerford v. Hungerford, 10 Ohio, 268; Olin v. Hungerford, 10 Ohio, 268.

Where a judgment for alimony does not provide for a lien on the estate of the divorced husband, only a personal liability created. Campbell v. Trosper, 108 Ky. 602, 57 S. W. 245.

A decree for the payment of alimony to become due does not become a lien upon the real estate of the person against whom it is entered, unless it is made so by statute, or the decree itself recites that it shall become a lien. Enoch v. Walter, 209 Ill. App. 619.

*Lawrence & Murphy* and *Herbert G. Nilles,* for respondent.

The supreme court has no power or jurisdiction to modify the decree of the district court by increasing the amount of alimony to be paid Marie H. Gray. N. D. Constitution, §§ 86, 87, 103; Comp. Laws 1913, §§ 4406, 7339; Tonn v. Tonn, 16 N. D. 19.

The supreme court has no power or jurisdiction to grant appellant

Marie H. Gray counsel fees and expense money as prayed in her petition. Tonn. v. Tonn, 16 N. D. 17; Cariens v. Cariens, 50 W. Va. 113, 55 L.R.A. 930.

Alimony is only cognizable as between parties united by a marital relation, that imposes upon the husband the legal duty to support the wife. There is no jurisdiction to award alimony as between parties divorced from bed and board, as incident to the pendency of divorce by fraud, and before the decree is successfully assailed. Chapman v. Parsons, 24 L.R.A.(N.S.) 1015; Croder v. Speaks, 37 Or. 105, 51 Pac. 647.

CHRISTIANSON, Ch. J. On the 27th day of April, 1916, a judgment was duly entered in favor of the plaintiff and against the defendant in a divorce action. In that judgment it was, among other things, ordered, adjudged, and decreed that the defendant should pay to the plaintiff $2,500, in lieu of the homestead situated in Casselton, in Cass county in this state, within thirty days after the entry of the decree of divorce; and that, upon payment of said sum, the plaintiff should execute and deliver to the defendant a quitclaim deed releasing any and all right, title, interest, and claim in and to said homestead, and in and to any and all real property owned by the defendant. The decree also provided for the payment to the plaintiff by the defendant of $55 per month as alimony. The plaintiff was awarded the custody of the minor child, issue of said marriage; and it was provided in the decree of divorce that the defendant should have the right to visit such child at the home of the plaintiff at least once a month, if he so desired, each visit not to exceed two hours in length.

In May, 1919, the defendant presented an affidavit to the trial court wherein he stated that he had complied with the terms of the judgment by paying to the plaintiff the sum of $2,500 within thirty days after the entry of the decree of divorce, but that plaintiff had failed, neglected, and refused to execute and deliver to the defendant a quitclaim deed of the homestead and the other real property owned by the defendant; that the plaintiff had further refused to permit the defendant to visit said minor child; and that when he had attempted to do so she had prevented him from seeing the child. The trial court issued an order to show cause, citing the plaintiff to show cause why she should not be

required to execute the quitclaim deed, and why she should not be re-
quired to permit the defendant to visit the child as provided in the de-
cree of divorce. The matter came on for hearing on June 6, 1919; both
parties appeared in person and by counsel.

Both parties were sworn and examined orally. The plaintiff testified
that she had never refused to execute a quitclaim deed for the home-
stead, and that she had at all times been ready and willing to do so.
She further testified that she had never refused to permit defendant to
visit the child, and that she had at no time prevented him from so doing.
During the course of her examination she was asked the following
question:

"Do you know of any reason why, if the court should make a pro-
vision that Mr. Gray would be permitted to see the boy on the first
Tuesday afternoon of each month say, do you know of any reason why
that would not be satisfactory to you and fair to both of you?" To
which she made answer thus: "That would be perfectly satisfactory."
She admitted that defendant had paid her the $2,500, and that he had
paid her the monthly instalments of $55, although she says that, in
some instances, she received these payments two or three days late.

The trial court made an order requiring the plaintiff to execute and
deliver a quitclaim deed to all the real property owned by the defend-
ant. The order also contained this provision: "Both parties having
requested that a date should be fixed for such visits (visits to be made
by the defendant to see his son), and both having agreed to the time set,
it is ordered that the time of such visits shall be in the afternoon of
the first Tuesday of each month." The court further ordered that
the defendant pay the next month's instalment of alimony to plaintiff's
attorney. It also appears in the order that the defendant furnished a
surety bond in the sum of $1,000, conditioned that the defendant would
comply with the provisions of the judgment by paying to the plain-
tiff the sum of $55 per month as and for alimony. And the order
provided that the judgment for such monthly payments should not
constitute a lien upon any real property owned by defendant, or
which he might thereafter acquire. Plaintiff has appealed from the
order.

We are entirely satisfied that this court may not entertain an original
application for increase of alimony. In divorce cases this court has

appellate jurisdiction only (Const. §§ 86, 87), and can only review rulings made by the district courts. The practice adopted in Rindlaub v. Rindlaub, 19 N. D. 352, 125 N. W. 479, 28 N. D. 168, 147 N. W. 725, has no application here. In that case an appeal was taken, and the case was tried anew in this court under the provisions of the so-called "Newman Law." This court set aside the judgment rendered by the trial court, and directed the entry of a new judgment, and reserved jurisdiction to make further orders in the future. 19 N. D. 391, 392. In this case no appeal has been taken from the judgment of divorce. Clearly this court may not entertain an original application to modify it.

We are also of the opinion that the order appealed from must be affirmed. The primary purpose of the order was to require the plaintiff to comply with the terms of the decree. The decree had been entered for more than three years. It was in favor of the plaintiff, and apparently was satisfactory to her, for she did not appeal therefrom, neither has she ever applied for a modification. In so far as the order requires her to execute a quitclaim deed, it merely directs her to do what the decree provided she should do. In so far as it relates to the opportunity to visit the child, no additional privilege is granted to the defendant. The right to visit remains precisely as fixed in the decree; but instead of the time being left indefinite, the order fixes a definite date,—a date which plaintiff said would be "perfectly satisfactory." Manifestly the plaintiff is in no position to assert that the trial court erred in entering an order requiring her to comply with the decree.

The provision in the order, that one month's instalment of alimony be paid to plaintiff's attorney, could in no event harm the plaintiff, as it appears that her attorney turned the moneys over to her.

Nor do we believe that the trial court erred in providing that the decree for monthly payments of alimony should not constitute a lien upon real property then owned, or which might hereafter be acquired, by defendant. In fact we do not believe that this recital in the order altered the status of the parties in any particular. There is no contention that the decree directed that the monthly allowances therein provided for should be a lien upon defendant's real property. On the contrary it appears that the decree provided that, upon defendant

paying $2,500, all real property then owned by him should be released from any and all claims which plaintiff might have against the same. A judgment for alimony is personal. If the party against whom it is rendered fails to make payment as therein provided, he may be proceeded against under the statute relative to contempt. This is generally a far more effective and expeditious means of enforcement than that provided for the enforcement of an ordinary judgment.

In rendering judgment in a divorce action the court is given great discretion. If it deems it necessary to do so, it may require the party against whom a judgment for alimony is rendered to give security for providing maintenance or making payments. Comp. Laws 1913, § 4406. We are entirely satisfied that under our laws a judgment for the payment of alimony in monthly instalments in no event becomes a lien upon the real property of the person required to make such payments unless the judgment expressly so provides. See Scott v. Scott, 80 Kan. 489, 25 L.R.A.(N.S.) 132, 103 Pac. 1005; Mansfield v. Hill, 56 Or. 400, 107 Pac. 471, 108 Pac. 1007. Such monthly allowance is a continuing liability, no part of which is due when the decree is rendered. The liability may be terminated at any time, or it may continue during the entire period stipulated for in the decree. It may be altered by the court as the circumstances of the parties might warrant. No one dealing with the defendant could, with any degree of accuracy, compute the amount of the payments which he would be required to make under the decree in this case. If the decree constituted a lien upon his real property for such monthly payments, then the effect would be to prevent defendant from dealing with his property at all, since he could not pay off the lien, except as each monthly instalment becomes due. Assuming, without deciding, that the court had power to provide that a decree for payment of monthly instalments of alimony should be a lien upon all real property owned or acquired by the judgment debtor while liability for such payments continued, clearly the intention to so provide cannot be assumed, in the absence of express recital in the decree declaratory of such intent.

In our opinion the order appealed from in no manner changed the status of the parties. So far as the plaintiff is concerned, the order merely required her to comply with the terms of the decree,—the benefits of which she has accepted; so far as the defendant is concerned he

received nothing under it which he was not entitled to receive under the decree.

The original application made in this court for an increase of alimony is denied, and the order appealed from is affirmed.

ROBINSON and BIRDZELL, JJ., concur.

GRACE and BRONSON, JJ., concur in the result.