Fey v. Johns.

---

No. 24,040.

ELIZA SQUIRES FEY, *Appellant,* v. WILL JOHNS, as Sheriff, etc., and PARLEY J. SPENCER, as Administratrix of the Estate of MINNIE E. ROBERTS, Deceased, *Appellees.*

SYLLABUS BY THE COURT.

ALIMONY—*No Judgment Lien on Real Estate.* The alimony provision of a divorce decree considered, and *held,* no lien on the real estate of the divorced husband was created, or existed by virtue of the statute, relating to lien of judgment on real estate of the judgment debtor.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed December 9, 1922. Reversed.

*George K. Melvin, R. E. Melvin,* both of Lawrence, and *Clifford Histed,* of Kansas City, Mo., for the appellant.

*Thomas Harley,* of Lawrence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin sale of real estate on execution issued on the alimony provision of a divorce decree. Injunction was denied, and the plaintiff appeals.

The decree was rendered in the action of *Minnie E. Roberts v. Louis D. Roberts*; and contained the following provisions:

"It is further ordered, adjudged and decreed that the said defendant shall have the real estate known as lot 21, Winona avenue, in the city of Lawrence, Kan., subject to the encumbrances now on the same, which he assumes and agrees to pay, and shall have possession thereof within 30 days from this date. He shall also have his own personal belongings and such personal

property known to the plaintiff to have been given to said defendant by any person or persons whomsoever. He shall also have all garden tools, yard and furnace utensils, together with the coal in the bin at said homestead at the time possession is given.

"It is further ordered, adjudged and decreed that said plaintiff shall have and hold as her property the automobile, and all household furniture, including the piano; also the real estate now located at Ontario, Cal.; and also the real estate located in the city of Pueblo, Colo., known as 914 East Second street; said plaintiff to assume and pay the encumbrance on the property at Ontario, Cal., amounting to the sum of $500, and also to assume and pay the encumbrance now on the property located at Pueblo, Colo., now amounting to approximately $600.

"It is further ordered, adjudged and decreed that said defendant pay or cause to be paid to said plaintiff the sum of $4,900 in the manner following: $200 May 1, 1919; $225 June 1, 1919; $225 July 1, 1919; $225 August 1, 1919; $225 September 1, 1919; and thereafter the sum of $200 per month on the first day of each and every subsequent month thereafter until the full sum of $4,900 is paid in full; the said judgment for said $4,900 being hereby expressly made a lien upon the salary of the said defendant as supreme secretary of the Fraternal Aid Union, and in the event the said defendant should hereafter sever his connection with said Fraternal Aid Union, by resignation, then the total amount remaining unpaid at that time shall at once become due and payable.

"It is further ordered, adjudged and decreed that the said defendant, Louis D. Roberts, shall pay the costs of this action taxed at $5.25, and shall pay or cause to be paid an attorney's fee of $100 to plaintiff's attorney, Tom Harley, and in default thereof that execution issue therefor. And in default of the payment of any said monthly payments, or any part thereof, at any time for ten days after the same becomes due and payable, execution may issue therefor."

The decree was rendered on April 3, 1919. Within thirty days possession of the lot in Lawrence was yielded to Roberts. Six months after date of the decree he remarried, and occupied the lot as a homestead until some time in June, 1920, when he and his wife conveyed by warranty deed to the plaintiff. The specified monthly installments of alimony were paid to Minnie E. Roberts until her death, in January, 1920. Roberts refused to make payments to her administrator and, in December, 1920, the administrator caused execution to be issued, which the sheriff levied on the lot conveyed to the plaintiff.

The decree did not create or constitute a lien on the lot, and conveyance before seizure under execution passed title free from lien. The principles are discussed in the cases of *Scott v. Scott*, 80 Kan. 489, 103 Pac. 1005, and *McGill v. McGill*, 101 Kan. 324, 166 Pac. 501. The syllabus in the Scott case reads:

Fey v. Johns.

"Notwithstanding the statute making judgments liens on the real estate of the debtor within the county, an allowance of permanent alimony payable in installments does not create a lien on any property of the husband unless the record affirmatively discloses that the court intended it to have that effect." (p. 489.)

In this instance the court, having absolute control of the matter, disposed of everything the parties had, real and personal, and of the husband's future earnings for a limited period. Real estate was given the husband by the same terms employed to give him personal effects, garden tools, and coal, and by the same terms employed to give the wife real and personal property. In dealing with the real estate given the husband, the decree provided that he should take subject to an existing encumbrance, which he assumed, but his taking was not otherwise burdened or qualified, and he took the lot as free from lien as his personal effects, garden tools, and coal. The wife was then given some money, $4,900, payable in monthly installments extending over a period of two years from date of decree. Security for payment of the money was then considered and provided. The security provided was by means of a lien. The subject of the lien was Robert's salary. The real estate given him was not included. The contingency of failure of lien by resignation of office was considered, but no mention was made of further security by lien on the lot. The result is, the decree indicates an award of the lot to Roberts free from lien, and then a judgment in favor of the wife, secured by a specific lien; and the record not only fails to show affirmatively that the court intended the lot to be burdened by lien, but under the ordinary rules of interpretation, shows the contrary.

The decree finally awarded execution in case of default in payment of monthly installments. It did not provide for enforcement of any lien on the lot, but merely for general execution, leviable under the law first on goods and chattels, and then on whatever real estate the husband might own, subject to execution. The result is, the provision for execution may not be regarded as upsetting the entire scheme of the decree. Being the court's own kind of decree, giving property, creating and withholding liens, and awarding remedy, it does not fall within the class of judgments which, under the general statute, become liens on real estate.

The defendant cites the cases of *Bassett v. Waters*, 103 Kan. 853, 176 Pac. 663, and *Chumos v. Chumos*, 105 Kan. 374, 184 Pac. 736.

In neither case did the court consider the subject of lien of the decree involved.

The judgment of the district court is reversed, and the cause is remanded with direction to grant the injunction.