[Civ. No. 3218. Third Appellate District.—May 3, 1927.]

EUGENIE R. BIRD, Executrix, etc., Plaintiff and Respondent, v. LULU MIGNON MURPHY, Defendant and Appellant; S. S. MURPHY et al., Cross-defendants and Respondents.

[1] QUIETING TITLE—LIEN FOR MONTHLY MAINTENANCE—FRAUDULENT CONVEYANCES—EVIDENCE—FINDINGS.—In this action to quiet title to certain real property upon which defendant claimed a lien by virtue of monthly maintenance judgment in her favor and against her father, from whom the property in question had passed by mesne conveyances, the evidence was sufficient to warrant the finding of the trial court that neither the conveyance from the father to his wife nor the latter's conveyance to plaintiff was fraudulent; and the evidence was such that a finding either way upon the issue of fraud was conclusive on appeal.

[2] ID.—INNOCENT PURCHASER.—Even if said conveyance from the father to his wife was fraudulent, defendant could not succeed in said action without showing that the transfer to plaintiff was fraudulent and that he was a party to the fraud.

[3] ID. — JUDGMENT FOR MAINTENANCE—LIEN ON REAL PROPERTY.— Where a judgment is entered in favor of a daughter and against the father, requiring the latter to pay a stated sum each month for an indefinite period of time for the maintenance of said daughter, but the payments are not made a lien or charge upon any property, such monthly allowance does not become a lien on real property of the father, and section 671 of the Code of Civil Procedure has no application to such a judgment.

(1) 27 C. J., p. 834, n. 54.   (2) 27 C. J., p. 506, n. 95.   (3) 34 C. J., p. 570, n. 5.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. P. Hayne and B. M. Bainbridge for Appellant.

J. R. Cronin for Respondents.

FINCH, P. J.—Judgment was entered herein quieting plaintiff's title to two lots in the town of Lodi. The defendant has appealed from the judgment. A prior judgment in the action in favor of the plaintiff was reversed on the ground that the court failed to find upon the defendant's allegation that the conveyance of the lots to plaintiff was fraudulent. (*Bird* v. *Murphy*, 72 Cal. App. 39 [236 Pac. 154].) On the retrial of the case the parties stipulated that the case be submitted upon the transcript of the evidence given at the former trial. The facts and circumstances out of which the controversy arose are stated in the opinion filed herein on the former appeal. It is there said: "These circumstances furnish at least some evidence of a fraudulent conveyance." The evidence given to the contrary was not stated, the only question for determination being whether there was sufficient evidence of fraud to require a finding thereon.

3. Lien on realty of judgment for alimony payable in installments, note, 102 Am. St. Rep. 704. See, also, 1 Cal. Jur. 1047; 15 Cal. Jur. 216; 1 R. C. L. 944. Alimony decree as lien on realty, notes, 9 Ann. Cas. 90; 18 Ann. Cas. 565; Ann. Cas. 1914D, 888; 25 L. R. A. (N. S.) 132; L. R. A. 1916B, 651.

[1] As stated in the former opinion, the defendant, in an action for maintenance, was given judgment against her father, S. S. Murphy, July 2, 1914. Thereafter, and before the judgment was docketed, Murphy conveyed the lots in question to his wife, who, after the judgment was docketed, conveyed the lots to Bird. Murphy testified that he was a retired minister, a veteran of the Civil War, and that at the time of the conveyance of the lots to his wife he had no other property and no income except a small pension; that he did not make the conveyance to defeat the judgment for maintenance, but that he conveyed the property to his wife in consideration of advances of money which she had made to him at different times; that some of "these advances were as much as twelve hundred dollars"; that the advances were "a good deal more than those lots were worth." A witness for defendant testified that at the time of the conveyance the lots were each worth $200 or $250. Mrs. Murphy testified that the conveyance to her was made in consideration of advances made by her of money which she had prior to her marriage to Murphy; that "what we had when we were married belonged to me, not to my husband." Bird testified that he bought the lots from Mrs. Murphy for $500, for which he gave his promissory note; that he knew nothing about the judgment for maintenance in favor of defendant against her father at the time of the purchase, and that if he had then known "about that trouble" between them he would not have made the purchase. The court found that neither the conveyance from Murphy to his wife nor the latter's conveyance to Bird was fraudulent. It cannot be held that the evidence does not warrant the finding. The most that can be said is that a finding either way upon the issue of fraud would be conclusive on appeal. [2] Even if the conveyance from Murphy to his wife were held to be fraudulent, the defendant could not succeed in this action without showing that the transfer to Bird was fraudulent and that he was a party to the fraud.

[3] Appellant contends that, assuming the conveyance from Murphy to his wife to be fraudulent, the judgment for maintenance was a lien on the lots at the time of Bird's purchase thereof, under the provisions of section 671 of the Code of Civil Procedure. That judgment required Murphy to pay his daughter $15 a month for her maintenance and

provided that "the court reserves the right to modify this judgment at any time upon application of either party." The payments were not made a lien or charge upon any property. While there are statements in some of the decisions to the effect that such a judgment constitutes a lien upon the real property of the judgment debtor, no case has been cited in which it is so decided. Appellant relies on *Goff* v. *Goff*, 60 W. Va. 9 [9 Ann. Cas. 1083, 53 S. E. 769]. But the judgment involved therein expressly made the installment payments a lien "on all the real estate owned by defendant Goff." The same is true of *Isaacs* v. *Isaacs*, 115 Va. 562 [79 S. E. 1072], 117 Va. 730 [L. R. A. 1916B, 648, 86 S. E. 105]. The statutes of some states expressly make judgments for alimony liens upon the real estate of judgment debtors. Decisions under such statutes are of no value in determining the question under consideration. It has been decided in a number of states that judgments for alimony, payable in installments and continuing indefinitely, do not constitute liens upon real estate. (*Enoch* v. *Walter*, 209 Ill. App. 619; *Scott* v. *Scott*, 80 Kan. 489 [133 Am. St. Rep. 217, 18 Ann. Cas. 564, 25 L. R. A. (N. S.) 132, 103 Pac. 1005]; *McGill* v. *McGill*, 101 Kan. 324 [166 Pac. 501]; *Fey* v. *Johns*, 112 Kan. 385 [210 Pac. 1107]; *Campbell* v. *Trosper*, 108 Ky. 602 [57 S. W. 245]; *Olin* v. *Hungerford*, 10 Ohio, 268; *Mansfield* v. *Hill*, 56 Or. 400 [107 Pac. 471, 108 Pac. 1007]; *Kerr* v. *Kerr*, 216 Pa. St. 641 [9 Ann. Cas. 89, 66 Atl. 107]; *Beesley* v. *Badger*, 66 Utah, 194 [240 Pac. 458].) It has always been held in this state that a decree in favor of a wife for maintenance or alimony may, by the terms of the decree itself, make the allowance a charge or lien on the husband's real property, or any part thereof. In *Gaston* v. *Gaston*, 114 Cal. 542, 546, 55 Am. St. Rep. 86 [46 Pac. 609], it is said that such a lien "does not derive its force" from section 671 of the Code of Civil Procedure. In *Robinson* v. *Robinson*, 79 Cal. 511, 515 [21 Pac. 1095, 1096], it is said that in case of an allowance payable in installments, "it would be possible, where no security had been required, for the husband to dispose of all his property, and then go away or die, and thus defeat the allowance altogether." It may be said of the decisions in this state generally that, while they do not decide the question here under consideration, it is to be implied therefrom that, in

the absence of a provision in a judgment to that effect, an allowance payable in installments during an indefinite period of time does not become a lien on real property and that section 671 has no application to such judgments. That section provides that "from the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor not exempt from execution in the county, owned by him at the time, or which he may afterwards acquire, until the lien ceases." If appellant's contention be sound, then a judgment such as that involved herein, however small, becomes a lien on the judgment debtor's real estate, however extensive; and it is not apparent in what manner or by what procedure the lien can be released or discharged except by the voluntary act of the judgment creditor. The amount of such a judgment "for the purposes of payment and discharge could not be ascertained because of the uncertain and indefinite period of the installments." (*Beesley v. Badger, supra.*) The case is altogether different where the decree itself creates a lien, because it is then within the power of the court to limit the lien to specific property and, where jurisdiction is reserved, to release such property from the lien and require other security in lieu thereof.

The judgment is affirmed.

Thompson, J., *pro tem.*, and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1927.