THOMAS FRANCIS LYNCH, APPELLEE, V. JAMES ROHAN ET AL., APPELLEES: OAK CREEK VALLEY BANK, APPELLANT.

FILED APRIL 24, 1928. No. 25654.

*Perry & Van Pelt,* for appellant.

*Fawcett, Mockett & Finkelstein, Roy B. Ford, M. L. Easterday, R. J. Greene* and *G. P. Putnam, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is an action to foreclose a mortgage in which were impleaded, as defendants, the holders of two judg-

ments against the mortgagor. The first was in favor of Mary Rohan, dated November 28, 1922, having been recovered by her in an action against her husband for separate maintenance, whereby she was given alimony or allowance for her maintenance of $50 a month, payable on the 1st day of each month beginning with December 1, 1922, upon which, at the time of the trial, there was due and unpaid $780.30 up to July 1, 1926. The other judgment was in favor of the Oak Creek Valley Bank, recovered April 7, 1926, for $8,507.46. Decree was entered in the district court foreclosing the mortgage and finding the decree of Mary Rohan a second lien for the amount due thereon and $50 a month thereafter, and the judgment of the bank a third lien, and, upon failure of defendants to pay said liens, ordered the mortgaged property sold, and, after paying costs and amount due upon the mortgage, ordered any balance to be brought into court for the benefit of the judgment creditors in order of priority as provided by the decree. The Oak Creek Valley Bank appeals.

The contest is between Mary Rohan and the bank, the former claiming that her judgment is a valid lien, not only for the amount due thereon at the time of the recovery of judgment by the bank, but also for all instalments to become due thereafter. The bank claims that its judgment should have priority over all instalments of the Rohan judgment not due at the date of its judgment.

The only question presented for our consideration is, whether a decree for maintenance for $50 a month, payable in monthly instalments for an indefinite period, is a lien upon the real estate of the defendant as to instalments not due. The question is new in this state. Appellant relies upon *Wharton v. Jackson*, 107 Neb. 288, as authority for a negative answer, citing the following language of the opinion:

"The reason why alimony judgments for payments to be continued indefinitely do not become liens for unpaid pay-

ments rests in the fact that the owner of property or those dealing with it cannot ascertain how much to pay to discharge the property from such a lien."

The case presented there, however, was an allowance for support of children until their arrival at majority, the years of their birth being stated in the decree, and the court held that the amount was sufficiently definite to support a lien under the general statutes declaring judgment liens. The particular question here under consideration was not involved, and, moreover, the clause quoted was manifestly merely *arguendo*. Under these circumstances the question remains an open one.

The clause quoted, however, states the rule according to the great weight of authority, where dependence for the existence of the lien was placed only upon general statutes declaring judgment liens upon real property. *Beesley v. Badger*, 66 Utah, 194; *Bird v. Murphy*, 82 Cal. App. 691, and cases cited, page 694; *Mansfield v. Hill*, 56 Or. 400. Such decisions are based upon the proposition stated in *Noe v. Moutray*, 170 Ill. 169:

"A valid judgment in order to create a lien must possess two qualifications: First, it must be final and for a definite sum; and, second, it must be such a judgment that execution may issue thereon. 12 Am. & Eng. Ency. Law, p. 104; 1 Black, Judgments (2d ed.) secs. 407, 408."

These cases are cited by appellant, but in none of those states were there statutes having express reference to alimony decrees, and in *Bird v. Murphy, supra*, this fact was stated as distinguishing that case from cases where such statutes exist. In some states a contrary rule is adopted. *Goff v. Goff*, 60 W. Va. 9; *Isaacs v. Isaacs*, 115 Va. 562. In these two cases, however, the decree of divorce expressly declared a lien upon the real estate of defendant. See, also, *Murphy v. Moyle*, 17 Utah, 113.

As the operation of a judgment as a lien upon real property is purely statutory, we will now examine the statutes of this state. They are as follows:

Section 1534, Comp. St. 1922. "All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by executions and proceedings in aid thereof, or other action or process as other judgments."

This section was first enacted in 1883 (Laws 1883 ch. 40) and is still in force.

Section 26, ch. 16, Rev. St. 1866, prior to amendment, was as follows:

"In all cases where alimony or other allowance shall be decreed for the wife or children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the decree. And upon neglect or refusal of the husband to give such security, or upon his failure to pay such alimony or allowance,* the court may sequester his personal estate, and the rents and profits of his real estate, and may appoint a receiver thereof, and cause such personal estate, and the rents and profits of such real estate, to be applied to the payment thereof."

By chapter 41, Laws 1883, the above section was amended by substituting after the asterisk, the following:

"His real or personal estate may be sold as upon execution for the payment of any sums due upon such decree. And in default of security for payment of instalments in future to fall due, the court may also appoint a receiver to take charge of his real or personal estate, or both, and hold the same and the rents, issues and profits thereof for security for the payment of instalments in future falling due. *And judgments and decrees for alimony or maintenance shall be liens upon the property of the husband,* and may be enforced and collected in the same manner as other judgments of the court wherein they are rendered."

The section as amended is now known as section 1538, Comp. St. 1922.

The proper construction of these statutes will furnish the answer to our problem. First, it will be noted that by section 1534, *supra,* the judgments for alimony are declared liens "upon property in like manner as in other actions," and appellant argues that this requires it to be for a definite amount, thus bringing it under the general rule. He seems to have overlooked that part of section 1538, *supra,* which declares them *"liens upon the property of the husband"* without qualification. By section 1534 the quality of the judgment lien is the same as "in other cases," while by section 1538 the lien is given its own body, and the manner of its enforcement only is to be as in other cases. We think the difference is quite significant, especially when considered in connection with the provisions of section 1538 immediately preceding the closing sentence. It is our opinion that the last sentence of section 1538 was intended by the legislature to enlarge the lien already provided by section 1534, in order to render it impossible for defendant, by a conveyance or incumbrance of the property, to defeat the beneficent provisions of section 1538 as to the appointment of a receiver and sequestration of the rents and profits. Any other construction would convict the legislature of doing a vain thing. The presumption is to the contrary.

The effect of the statute is to charge the real estate of defendant with the payment of the allowances, the same as the owner might do by will or deed. Such instruments, in the absence of fraud, take precedence over judgment liens of later date. We are not prepared to hold that the legislature intended to give the court power to require a husband to support his wife, and withhold the means by which its exercise may be made efficient.

We conclude that the decree of the district court is correct and the same is

AFFIRMED.

GOOD, J., dissents.