[Civ. No. 7633. First Appellate District, Division One.—May 18, 1931.]

EMMA PARKER et al., Appellants, v. S. LUKE HOWE et al., Respondents.

McLaughlin & McLaughlin, Reisner & Deming, Louis Ferrari and J. J. Posner for Appellants.

S. Luke Howe, Roy B. Hibbitt, Markham Johnston and O. F. Meldon, *in pro. per.,* and Howe, Hibbitt & Johnston for Respondents.

THE COURT.—Action for money had and received.

The facts out of which the action arose are somewhat involved. On the tenth day of June, 1912, one of the plaintiffs herein, Emma Parker, obtained a judgment in San Francisco against her then husband Jack W. Parker in a divorce action, wherein she was awarded the sum of $40 per month for the support of herself and her minor child. Some thirteen years thereafter, in May, 1925, she obtained an order directing the issuance of an execution upon such judgment in the sum of $4,360, the same being alleged to be the accumulated amount due her upon the judgment above mentioned. The defendant, Jack W. Parker, moved to set aside the order directing execution and levy thereunder. This motion was denied by the trial court, but an order was made directing the modification of the execution to $1200. Plaintiff appealed from the order modifying the execution, and defendant also appealed, claiming the entire proceeding was unauthorized and void. Notwithstanding the appeal, an execution had been levied upon certain funds in the Bank of Italy in Sacramento on a deposit in the joint names of Jack W. Parker and Mary Helen Parker, the latter being his second wife. Mary Helen Parker claimed this money as her separate property.

On June 4, 1925, and while the appeal from the order issuing the execution was pending, Emma Parker commenced an action in the nature of a creditor's claim against Jack Parker and his second wife, Mary, the People's Bank and the Bank of Italy, to recover $4,360 unpaid on the judgment above referred to. It was alleged in this action that plaintiff had obtained a judgment of divorce against

Jack W. Parker and for accumulated alimony amounting to the sum of $4,360; the issue and levy of execution for said amount upon moneys in the Bank of Italy; the claim of May Helen Parker to said money thus preventing the satisfaction of said judgment by execution; that the claim of Mary Helen Parker was unfounded; and it was prayed: 1. That the claim of Mary Helen Parker be adjudged fraudulent and void; 2. That said money, property and securities be adjudged subject to the lien of plaintiff's judgment; 3. For the sum of $4,360 with interest. Jack W. Parker and Mary Helen Parker filed answers in the action. Judgment went for plaintiff, it being found, among other things, that Mary Helen Parker had no interest in the property except a community interest with her husband, and that the money and a certain bond were subject to the execution under plaintiff's judgment in the divorce action, and the same should be applied in satisfaction thereof. The court further found that the property was subject to a lien of plaintiff's judgment and execution, and that plaintiff was entitled to have the same applied to the satisfaction thereof. It was thereupon ordered and decreed that the defendants Jack W. Parker and his wife, Mary Helen Parker, assign, transfer and pay to Emma Parker the sum of $1983.87 and that they deliver up the bond of the value of $1000 to a commissioner of the court. No appeal was taken from this judgment and it was thereafter assigned to appellant bank.

While the action on the creditor's bill was pending, Mary Helen Parker withdrew from appellant bank the sum of $1983.87 and gave the sum of $1900 thereof to her attorneys, respondents herein. Of said amount, respondents returned $300 to her and the further sum of $300 to her husband, Jack W. Parker. It is appellants' claim that when the action on the creditor's bill was filed in aid of the judgment against Jack W. Parker, Emma Parker obtained an equitable lien on the money deposited in appellant bank and the sum was therefore recoverable in the hands of any person taking with notice of said lien. It is upon this theory that the present action for money had and received was brought against respondents herein. It is not denied by respondents that ordinarily plaintiffs would be entitled to recover under the circumstances, but it is claimed that the rule is moot and abstract for the reason that the lien,

if it existed, had been completely wiped out and destroyed by the decision of the Supreme Court in *Parker* v. *Parker*, 203 Cal. 787 [266 Pac. 283]. The case cited involved the appeal from the order directing the issuance of the execution in the original action above referred to. It appeared therein that Emma Parker had remarried eight days after the entry of her final decree. About ten years thereafter she divorced her second husband and received a property settlement which produced about $75 per month and in addition thereto was awarded temporary alimony. Shortly thereafter, under the name of Emma Parker, she made application for the issuance of the execution of the judgment against her former husband Jack W. Parker as above set forth. It was there held for reasons stated that the execution was irregularly issued and the order of the superior court issuing the same was reversed with directions to grant defendant's motion to vacate and set aside the order and with the further direction to recall and quash the same and all levies made thereunder, both in its original and modified forms. ■ It is respondents' contention that when the execution and levy was recalled and quashed, Emma Parker's right to satisfy said judgment fell and the right granted to her by the creditor's bill directing the satisfaction of said judgment out of the funds in the Bank of Italy became *functus officio;* that under such circumstances the bank received the assignment of the judgment in the creditor's bill charged with all its infirmities, and therefore took no more than Emma Parker had to give.

The trial court's final action was based upon this contention and we think correctly so. (*Hulse* v. *Davis*, 200 Cal. 316 [253 Pac. 136].) Nor do we think this conclusion is in any manner affected by reason of the fact, as claimed, that the judgment in the creditor's bill had become final. The order upon which the execution was issued being invalid and the execution having been quashed, all rights based thereon fell with it. The relief sought in the creditor's bill was simply a determination of the adverse claim of Mary Helen Parker to the property. It was in no sense an independent action capable of securing a separate judgment; on the contrary, it was purely an action ancillary to the order directing execution to issue for a certain specified sum. It having been held in *Parker* v. *Parker, supra,* that no

right to the enforcement of the judgment existed, all rights secured under the creditor's bill to the property which insured such enforcement, ceased to exist. This being so, the plaintiff Emma Parker had no just or equitable claim to the fund or any legal right to it, defendants having shown facts which entitled them to retain the money. Judgment properly went in their favor.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 17, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1931.