[Civ. No. 11165. Second Appellate District, Division One.—May 27, 1937.]

A. G. REILY, etc., Plaintiff, v. CORA B. YOUNG, Defendant and Respondent; THE YOUNG HOLDINGS CORPORATION, LTD., Appellant.

W. I. Gilbert for Appellant.

James W. Bell and P. E. Keeler for Respondent.

DESMOND, J., *pro tem.*—This is an appeal from an order by which the trial court, upon the application of respondent, Cora B. Young, recalled and quashed writs of execution. in the hands of the sheriffs of Kern and Los Angeles Counties, at the same time ordering released all property attached; also ordering the clerk of the Superior Court of Los Angeles County to record satisfaction in full of the judgment upon which the executions had issued. This judgment had been entered, under a default, in favor of C. B. Land, assignee of A. G. Reily, and against respondent, on November 28, 1933. No attempt to execute upon it was made until March of 1936, when the two writs above mentioned were issued, not at the request of the original plaintiff or his assignee, but at the request of Cora B. Young's codefendant, The Young Holdings Corporation, Ltd. This company, on December 8, 1933, had received a written assignment of the entire interest of Reily's assignee in the default judgment which had been taken, in the amount of $10,000, against respondent. Appellant contends that the order of the trial court should be reversed, claiming that the court erred in taking testimony of facts and occurrences antedating entry of the judgment; also, that the decision of the court was contrary to the evidence adduced. It is also claimed that the parties litigant are entitled to findings, though the trial court determined that they were not necessary.

In arguing that it was improper for the court to go into circumstances leading up to the procurement of the judgment, appellant cites *Weldon* v. *Rogers*, 159 Cal. 700 [115 Pac. 464] ; but that case does not seem in point, for it relates not to a motion to quash an execution improvidently issued, but to the exercise of discretion by the court under section 685 of the Code of Civil Procedure, by which execution of a

judgment may be ordered or refused after the lapse of five years from the date of its entry. The other California cases cited by appellant on this point, *Town of Hayward* v. *Pimental*, 107 Cal. 386 [40 Pac. 545], and *Associated Oil Co.* v. *Mullin*, 110 Cal. App. 385 [294 Pac. 421], as well as cases in other jurisdictions to which we are referred, have no application to this case, for they merely hold that the validity of a judgment may not be attacked by a motion to quash.

■ As we understand it, the respondent here did not question the validity of the default judgment, but contended that it had been paid by delivery to Reily's assignee, C. B. Land, of deeds to two lots and allowing Reily to retain approximately $500 in cash which he had secured by attaching respondent's bank account. They further contended and satisfied the trial court that this arrangement for settlement of the judgment was made by a stipulation entered into with Reily's assignee by an attorney named Routhe, who at that time represented both The Young Holdings Corporation, Ltd., and this respondent, Cora B. Young. This stipulation, dated November 27, 1933, was introduced at the hearing on the motion, and provided that upon the conveyance of the two lots the assignee of Reily "will immediately assign said judgment to The Young Holdings Corporation, Ltd., a corporation, owners of the said lots aforesaid. That no further levy or sale under execution incident to said judgment will be made after the aforesaid acts have been accomplished".

On December 27, 1933, Mr. Routhe wrote the respondent:
"In Re Reily case.

"It is a great relief to us all, to report that a settlement has finally been made with Reily. I do not recall having had just such a case within my 35 years experience in the law business. We did not desire to stand the expense and time for trial and the result of appeal should we be successful, and further we were confident that Klein was looking in on the situation to increase our troubles. We were desirous to release the safety Deposit Box and knew that if a trial was had and a Judgment entered in his favor, we would be unable to effect any settlement with him. Therefore, under authority of your letter on the subject of settlement and release of box, a Judgment for $10,000 was entered in his favor. (Yes I hear you utter your protest and surprise) but just wait.

"We effected such a settlement whereby, the box was released without delay and immediately shipped to you. By a conveyance of two lots, we acquired an assignment to the Young Holdings Co. of the entire judgment, which we allow to remain of record to discourage Klein and any others who are interested in your financial condition."

A cousin of respondent, acting under a power of attorney granted by her, was president of The Young Holdings Corporation, Ltd., and cooperated with Mr. Routhe in obtaining the settlement mentioned. Notwithstanding the assurances given respondent that so far as she was concerned the Reily case was closed and that the judgment was to remain of record for an ulterior purpose, appellant, after the lapse of two and a half years, and on the same day a judgment in favor of respondent and against appellant was rendered in another case, decided to execute the judgment of November 28, 1933 (unsatisfied upon the record), contrary to the purpose declared and for its own benefit. Then followed the motion in behalf of respondent. While a protracted hearing was held upon this motion, made after judgment, it was not held, as we have stated, upon the merits of the case. It is apparent that the trial judge went to great pains to determine whether in fact the judgment had been paid, or whether an unpaid balance was available for execution in behalf of appellant. Upon a review of the evidence, including correspondence passing between the parties and their duly authorized agents, as well as other written instruments introduced as exhibits, we find no error in the decision of the court. Accordingly, the order appealed from is affirmed.

Houser, P. J., and York, J., concurred.