**KNIGHT, Plaintiff-Appellant, v. KNIGHT et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22828. Decided September 21, 1953.

Beach & Warner, Cleveland, for plaintiff-appellant.

Hauxhurst, Inglis, Sharp & Cull, Cleveland, E. H. Hauenstein, Akron, for defendant-appellee.

## OPINION

PER CURIAM:

This is an appeal on questions of law from the Common Pleas Court of Cuyahoga County, wherein the action was dismissed at costs of plaintiff without prejudice to her right to file such proceedings as she may deem proper in the Common Pleas Court of Summit County.

Both plaintiff and the defendant are residents of this county and have been since the time of the institution of the action September 1. 1945. The parties were formerly husband and wife and residents of Summit County Ohio, where, through proceedings there instituted and concluded they were divorced on December 11, 1940, at which time the trial court approved a separation agreement of the parties which was embodied in the journal entry. The action instituted in this county by the wife has for its purpose the enforcement of the provisions of the separation agreement made part of the divorce decree entered in Summit County. The most important part of the separation agreement incorporated in the decree approved by the court, is as follows:

"2. For the support and maintenance of second party, first party agrees that he will turn over to her sixty per cent of his earnings monthly or at such stated intervals which may be agreed upon; second party agreeing that out of the sum so received she will make the installment payments upon first party's automobile and similar payments upon such automobiles as may hereafter be bought by first party with second party's approval and consent."

The defendant, Russell K. Knight, in his amended answer claimed fraud and duress in the execution of the separation agreement and in the entry of the divorce decree but upon trial of the instant case no evidence was tendered in support of these allegations, the defendant relying solely upon questions of law raised by successive demurrers to plaintiff's petition in which it was contended:

"1. That the common pleas court out of this county had no jurisdiction to enter judgment upon the divorce decree entered in Summit County; and

"2. That the petition did not state a cause of action or more particularly that the agreement to pay 60% of future wages was too indefinite to be enforcible or that its enforcement was against public policy."

The issues presented by the demurrers as indicated by the record had previously been raised during tenuous course of this litigation The common pleas court in 1946 (Orr. J) entered judgment against defendant, but this judgment was reversed by this Court and the cause remanded to the trial court with instructions to rule upon the demurrer. Thereafter, the case came on before another Judge of the Common Pleas Court (Blythin, J) who overruled the demurrer on July 21, 1952, at which time he filed a memorandum opinion in support of his decision. Thereafter, plaintiff filed a supplemental petition in June, 1952, to cover the accruals of maintenance to which another demurrer was interposed which was overruled by another Judge (Lybarger, J.) of Common Pleas Court. Thereafter, the case came on for hearing before another member of the Common Pleas Court (Rutherford, J.) sitting in this Couty by assignment, who tentatively overruled the demurrer and proceeded to hear evidence. The record now before us shows proof of the judgment of the Summit Couty court and a

stipulation of the parties showing that during the period in question here, the defendants earnings had averaged $300.000 per month.

At the close of the hearing, the trial court in reversing his ruling on the demurrer, dismissed the petition at plaintiff's costs without prejudice as above indicated.

Error is assigned as follows:

"The order and judgment of the common pleas court dismissing plaintiff-appellant's petition and supplemental petition for want of jurisdiction to entertain the same, is contrary to law and prejudicially erroneous."

In the course of an opinion rendered by the trial judge, he stated as follows:

"It appears, however, that a prerequisite of a judgment to be enforced in a foreign court whether of another state or another county of the same state, is that said judgment must be:

(a) final

(b) certain in amount

(c) unconditional

(d) not vacated

(e) one on which execution has not been superseded in the state or county which rendered it.

See Restatement of Law - Conflict of Laws. Nos. 434, 435, 436, 437, 438. Also Dunn v. Hild et al, Superior Court of Penna. 189 Atl. 747 and Croker v. Croker, 168 N. E. 450.

In applying these tests, to the judgment as rendered in Summit County, the court finds that said judgment is final under the holding of the Supreme Court of this State. See McPherson v. McPherson, 153 Oh St 82; 90 N. E. (2d) 675; also, Kettering v. Kettering, infra.

This court believes said judgment is also unconditional. It was not alleged in the petition to which demurrer was overruled that it was a valid and subsisting judgment as of Sept. 1, 1945, although from the evidence and further pleading it does appear that it was a valid and subsisting judgment as of that date."

However, the trial court found that the judgment providing that the first party agrees that he will turn over to second party sixty per cent of his earnings monthly is not sufficiently certain in amount. We think that this was error prejudicial to the rights of plaintiff herein. In our opinion the provision is sufficiently certain in amount in view of the stipulation of the defendant's earnings during the period in question. All that is required is a mathematical computation to arrive at the amount due. In this connection we think that the holding of Blythin, J., in overruling the demurrer was correct and has application to the issues here presented when he said:

"The court must hold that as to accrued installments the authorities are clear to the effect that they may be reduced to judgment in a jurisdiction foreign to the original one where nothing is required beyond proof of a final order for the payment of money plus a mathematical calculation of the amount due."

See Armstrong v. Armstrong, 117 Oh St 558, 160 N. E. 34; McPherson v. McPherson, supra.

In our opinion it is just as simple to compute sixty per cent of the stipulated earnings as it is to multiply the weekly payments provided for in the decree by the number of months in which defendant is delinquent.

The earnings being stipulated, the amount due on a percentage basis is easily ascertainable. The mathematical calculation is just as certain in result in one case as in the other.

The trial court makes several references and suggestions as to alternative procedures in Summit County. These suggestions are obiter dicta and are not before us. We conclude that both parties to the action having been residents of this county for a period of years, that the decree in the main being definite and certain, the courts of this county have jurisdiction of the parties and of the subject matter.

Complaint is made in the brief of the appellee concerning the terms of the settlement as disclosed by the agreement. We think the defendant having entered into said agreement and having himself originally presented it to the court for approval may not now complain of its terms in the absence of proof of fraud or changed circumstances. The defendant cannot now challenge the jurisdiction of the common pleas court or of this court, especially where the court found, upon the undisputed facts, that the judgment was final, unconditional, valid and subsisting as of the date of September 1, 1945.

For the reasons stated the judgment of the common pleas court is reversed and the cause is remanded for further proceedings according to law. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY J., SKEEL., concur.