## ROACH (BROWN), Plaintiff, v. ROACH, Defendant.

Common Pleas Court, Cuyahoga County.

No. 474696. Decided December 1, 1953.

Jack B. Dworken, Morton R. Dworken, Cleveland, for plaintiff.

Donald M. Marshman, Cleveland, Howard Everett, Lima, for defendant.

## OPINION

By MERRICK, J:

This matter is before the Court on motion to strike certain executions issued out of this court, one of which resulted in a land levy by the sheriff of Allen County, Ohio. This motion raises one important question:—Where, in a decree for divorce, certain weekly payments are ordered for the support of a child, may an execution issue upon the praecipe of counsel who has computed the amount which his client claims is past due and inserts such ascertained amount as damages upon which amount the clerk orders execution?

There is no longer any doubt but what an order to pay installments, coupled with a decree for divorce is a judgment within the definition of our statute. **Sec. 2323.01 R. C. Armstrong v. Armstrong, 117 Oh St, 558, McPherson v. McPherson, 153 Oh St 82.** But whether it is a judgment upon which an execution may issue is the question presented. The authority for issuance of a writ of execution is found in **§2329.09 R. C.** The last sentence of this section reads as follows:— "The exact amount of the debt, damages, and costs, for which the judgment is entered, shall be indorsed on the execution."

In the instant case was it necessary to first reduce the order or judgment to a lump sum, by the process of a motion to modify or a petition for a money judgment in a fixed amount before an execution could issue? There is some conflict of thinking in Ohio cases on the subject. Counsel have not cited, and the Court has been unable to find a Supreme Court case which is decisive of this exact question.

In **Bush v. Bush, 82 Oh Ap, 255,** the Court of Appeals for Franklin County had this question for decision and we find the syllabus of that case in the following language:—"A divorce decree, incorporating a separation agreement of the parties, which agreement provides for the payment of weekly support money for their children until they reach the age of eighteen years, constitutes such a judgment that execution may be levied thereon for past due installments without first carrying into separate formal legal judgment the total amount of the installments then due under the terms of the decree." This would seem to be decisive of the question. But by a careful reading of the per curiam opinion at page 256, we find this statement of the facts in the case:—"At various times subsequent to the support order, the defendant was cited for contempt in failing to observe the order and particularly in July, 1944, and again on July 6, 1946, he was found to be in contempt of court, as charged. In the entry of July 6, 1946, it was provided as a condition to defendant's purging himself of his

contempt that he pay $10.00 a month **to apply on the arrearage** in addition to the regular payments set by the order of October 24, 1942. In the order of July, 1944, a somewhat similar order was made, "but **different amounts and dates when they should be paid were fixed."** (Emphasis ours.)

In further support of the conclusion, the opinion cites four cases in support of the reasoning therein contained. A careful reading of these cases discloses the following facts:—The case of **Sweigert v. Sweigert, 33 Abs 250,** is a decision by the same court and involves an order for installment payments contained in a divorce decree. However, in the decree being discussed therein, there was an order to pay a certain lump sum which had accrud on temporary orders, plus a weekly sum in addition thereto and the arrearage was reduced to an exact amount in the decree. Likewise, the action was one under the declaratory judgment statute, brought to assert statutory exemptions against the judgment. In the case of **Piatt v. Piatt, 9 Ohio Reports, 37,** there was a clause in the decree:—"Execution issue therefor as on a judgment at law." In Embshoff v. Embshoff, 12 O. C. C. (N. S.) 236, we do not have the precise question presented which is pointed up in the following language in the opinion:—"The husband is not complaining, and the installments due are in legal effect a judgment, the collection of which may be enforced by an action upon the appeal bond, without first obtaining the consent of the court rendering the decree." In the case of Breen v. Breen, 14 O. N. P. (N. S.) 219, the pronouncement was made in an action brought to secure an equitable lien on an interest in an estate being administered and ready for distribution under terms of a will.

The Bush case, supra, was cited by the same court in the per curiam opinion in **McPherson v. McPherson, 87 Oh Ap 243.** But in that case, the question was whether or not a decree for divorce which provided for installment payments could be reduced to judgment in a foreign state, without first securing a modification to a lump sum. The law of Ohio is quite well settled on this phase, but still does not answer the specific question herein presented. **Armstrong v. Armstrong, 117 Oh St 558,** McPherson v. McPherson, supra, 157 A. L. R., 175, Sistare v. Sistare, 218 U. S., 1.

In the opinion in the Sweigert case, supra, there are two cases cited that do not seem to be exactly in point. **Conrad v. Everich, 50 Oh St 476,** was decided in 1893. A reading of that case discloses that there was a decree for alimony in a gross amount with a further order providing that if not paid within 5 days, an execution should issue. In **Coffman v. Finney, 65**

**Oh St 61 (1901)** there was likewise a lump sum alimony award and an execution thereon ordered.

We now come to consider the strongest case cited in support of the contention of the defendant herein. In 1947, the Court of Appeals for Wayne County decided the case of **Collins v. Collins, 79 Oh Ap 329.** A careful reading of the case will show the facts were the same as the one at bar. There was a divorce decree and an order for installment payments for the support of children, until further order of court. Seventeen years later, without service or other notice to the adverse party, the court entered in form a decree finding there was due and owing on said decree $7,467.60 and costs and further decreed, "defendant to have a certificate of judgment issued in the amount of $7,467.60 and costs." The syllabi of the case define the facts and apply the law in such plain language that an exact quotation will suffice to explain the logic of the conclusions, viz:—"1. An order for support of minor children, payable in installments, and over which the court retains a continuing jurisdiction, either expressly or by implication, is in the same category as an order for alimony, payable in installments, over which the court expressly or impliedly reserves the right of modification. 2. Before such an order for support may be reduced to a money judgment after term. the order must be modified so as to reduce it to an order for the payment of a lump sum. 3. Such modification may be accomplished either through the medium of a motion filed in the same cause in the same court, or, in a proper case, by a petition for that purpose filed in a separate action in the same court. 4. Under either procedure, proper summons on or notice to the adversary party, or its equivalent, is essential to invest the court with jurisdiction to determine the question presented. 5. A judgment rendered for the sum of the accumulated installments, without notice or its equivalent to the party sought to be charged, and without modifying the installment order, is void."

On page 333 of the opinion of Judge Stevens is found this very pertinent language:—"From the foregoing it seems apparent that an order for support, payable in installments, over which the court reserves the right of modification, does not, as said by the trial court, without modification, operate as a judgment lien for the support of the minor children, and is not a continuing and subsisting lien against the plaintiff, **nor may it be enforced by execution at any time;** and it is not true that no notice to the plaintiff was necessary to give the court jurisdiction to make the summation. The rule is that an order for support, payable in installments, over which the

court reserves a continuing jurisdiction, must first be modified by proper proceedings, so as to reduce the installment order to a lump sum award, before a judgment may be entered thereon."

The same state of facts was presented to the Lucas County Court of Appeals in the case of **Meister v. Day, 20 Oh Ap 224,** and from page 226 of the opinion of Judge Williams we quote:— "The judgment sued on was for the payment of $5.00 per week until the further order of the court. By providing that the weekly payments should run until the further order of the court, the court making the order impliedly reserved the power in itself to modify the order. In other words, the court might at any time in the exercise of a sound discretion, order the payments to cease and convert the order into a judgment for a gross sum of money." Continuing on page 228 the opinion further states:—"A petition for modification would constitute an appeal to the discretion of the court, as the determination of the amount of alimony did in the first instance, and in the exercise of a sound discretion the court would have a right to grant or refuse modification. **The plaintiff had no absolute right to a judgment for any specific sum."**

A very recent case decided by the Court of Appeals for Hancock County is found in **DeCamp v. Beard, 94 Oh Ap 367,** Ohio Bar, November 9, 1953. An effort was being made to enforce a support order against the estate of a divorced father to recover a judgment for arrearages accumulated at the time of his death. The defense was asserted that this was in the nature of a money judgment and had become dormant and that the cause of action was barred by the statute of limitations. In overruling a demurrer to the petition, the court uses this explanation found at page 370 in the opinion of Judge Younger:—"While the judgment upon which the instant case is predicated is not a 'judgment for the recovery of money' in the sense in which that phrase is used as applying to an ordinary judgment, and while it differs from an ordinary judgment in that it is payable in installments, is subject to modification as to unaccrued installments, and is essentially a judgment for the enforcement of a duty, it still constitutes a judgment within the meaning of the Constitution of the United States and the laws of this state so far as the collection of accrued installments thereof is concerned."

In the case of **Ellis v. Ellis, 94 Oh Ap 339, 52 O. O. 14,** we find this comment in the opinion of Judge Fess:—

"Although no authorities directly in point have come to our attention, it would seem to follow that where a divorce judgment contains provisions with respect to property rights in

*futuro* or of an executory nature, the court entering the judgment would likewise have continuing jurisdiction, impliedly reserved, to enforce or implement the rights secured by such provisions. Since the defendant has appeared in the present proceeding, the question of jurisdiction of the person is not presented. Although the jurisdictional question is not free from doubt, we reach the conclusion that upon an appropriate application and evidence in support thereof, a court which at a prior term has entered a divorce judgment has jurisdiction to enter a judgment ancillary in nature to enforce compliance with the terms of the original judgment."

Within the last 90 days, a very interesting decision touching upon the question involved has been handed down by our own Court of Appeals for Cuyahoga County, Knight v. Knight, 114 N. E., (2nd) 616. On page 618 of the **per curiam** opinion is found the following excerpt:—"However, the trial court found that the judgment providing that the first party agrees that he will turn over to second party sixty per cent of his earnings monthly is not sufficiently certain in amount. We think that this was error prejudicial to the rights of plaintiff herein. In our opinion the provision is sufficiently certain in amount in view of the stipulation of the defendant's earnings during the period in question. **All that is required is a mathematical computation to arrive at the amount due.**" This reasoning is carried into the first syllabus found in the citation, viz:— "Accrued installments under support and maintenance provision of divorce decree may be reduced to judgment in jurisdiction foreign to that granting divorce where nothing is required beyond proof of a final order for the payment of money, plus a mathematical calculation of the amount due."

The state of New York has clarified this entire question in Section 1171-b of the Civil Practice Act, which provides as follows:—"Where the husband, in an action for divorce, separation, annulment, or declaration of nullity of a void marriage, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court may make an order directing the entry of judgment for the amount of such arrears, together with ten dollars costs and disbursements. The application for such order shall be upon such notice to the husband as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."

Coordinating the theories hereinabove cited and set forth, it is the judgment of this Court that the executions issued in the instant case were void and of no effect. An entry may be presented accordingly.