Hart, J.
The first question raised by the defendant relates to his contention that the Court of Appeals had no power to review the order appealed from, for the reason that it is not a final order but a mere correction of the record. On the other hand, the plaintiff claims that the striking of the foreign execution is a final order in that it destroyed a valuable lien right which plaintiff had secured on defendant’s Allen County property.
Attachment is a process somewhat similar to that of execution, the function of both being to aid a creditor in sequestering the property of his debtor. This court and courts generally have held that an order overruling a motion to dissolve an attachment or an order discharging an attachment is an order affecting a substantial right and is, therefore, a final order reviewable on appeal. Pilgrim Distributing Corp. v. Galsworthy, Inc., 148 Ohio St., 567, 76 N. E. (2d), 382; Hamilton v. Temple, 60 Ohio App., 94, 19 N. E. (2d). 650. And the Courts of Appeals of this state have held that an order of a trial court refusing to quash an execution (C. E. McCune Co. v. Warndorf, 55 Ohio App., 279, 9 N. E. [2d], 709) and an order staying the execution of a judgment (Jolley v. Martin Bros. Box Co., 59 Ohio Law Abs., 314, 99 N. E. [2d], 675) are final orders.
The general rule is that, if an order divests a party of the right to have the court making the order place him in his original position, such order is final and appealable. If, in the instant ease, the plaintiff had a requisite judgment upon which a foreign execution issued, resulting in a levy, upon Allen County real estate of the defendant, the quashing of such execution took away that lien right and constituted a final appealable order. When the execution was quashed, all rights based thereon and any title to the property vested in the sheriff by the levy *590 or even the right to enforce the judgment against the particular property was destroyed. Parker v. Howe, 114 Cal. App., 166, 299 P., 553; Hulse v. Davis, 200 Cal., 316, 253 P., 136. However, the quashing of the writ does not affect the judgment on which it was issued.
Under the circumstances of this case, conceding for the moment the requisiteness of the judgment, we are of the opinion that the quashing of the writ of execution, whereby the execution lien was destroyed, is a final appealable order.
The most important question raised by the defendant is whether, where a court in a divorce action makes an order for the support of a minor child of the parties, payable in installments, over which order the court retains expressly or by implication continuing jurisdiction, such order must be reduced to a lump-sum judgment as to unpaid and delinquent installments before an execution may be lawfully levied thereunder.
This court has held that an order to pay installments for alimony or support of minor children, incorporated in a decree of divorce, is a “judgment” for the amount of the installments which are accrued and due, within the definition of that term as contained in Section 11582, General Code (Section 2323.01, Revised Code). Armstrong v. Armstrong, 117 Ohio St., 558, 160 N. E., 34, 57 A. L. R., 1113; McPherson v. McPherson, 153 Ohio St., 82, 90 N. E. (2d), 675.
But the specific question here is whether the decree in the instant case for installment payments for support is a judgment upon which an execution may issue. The authority for the issuance of a writ of execution is set out in Section 11664, General Code (Section 2329.09, Revised Code), the pertinent part of which is as follows:
“The writ of execution against the property of a judgment debtor issuing from a court of record, shall command the officer to whom it is directed, that of the goods and chattels of the debtor he cause to be made the money specified in the writ * * *. The exact amount of the debt, damages and costs, for which the judgment- is entered, shall he indorsed on the execution.” (Italics supplied.)
The provisions of an execution statute must be strictly construed and followed, and a decree for the payment of money in *591 installments, as differentiated from a lump-sum decree or judgment, requires a factual finding as to the amount still due or owing or at least a mathematical calculation of the amount due at any particular time.
This court has not heretofore passed upon this exact question. There is some confusion in the holdings of the lower courts in this state on the subject. One Court of Appeals has held that an execution may be levied for past due installments without first carrying into a separate formal legal judgment the total amount of the installments then due under the decree. Bush v. Bush, 82 Ohio App., 255, 75 N. E. (2d), 832. In other cases cited in support of this position were lump-sum orders as in Conrad v. Everich, 50 Ohio St., 476, 35 N. E., 58, 40 Am. St. Rep., 679; and Coffman, Admr., v. Finney, Admr., 65 Ohio St., 61, 61 N. E., 155, 55 L. R. A., 794.
On the other hand, there are several Court of Appeals cases which hold that the court may not issue execution on such an installment decree without first reducing the decree to a lump-sum judgment. See Collins v. Collins, 79 Ohio App., 329, 73 N. E. (2d), 814; Knight v. Knight, 70 Ohio Law Abs., 271, 114 N. E. (2d), 616. In the Collins case the court held:
“2. Before such an order for support may be reduced to a money judgment after term, the order must be modified so as to reduce it to an order for the payment of a lump sum.”
In the course of the opinion in Ellis v. Ellis, 94 Ohio App., 339, 115 N. E. (2d), 180, the court said:
“* * * it would seem to follow that where a divorce judgment contains provisions with respect to property rights in futuro or of an executory nature, the court entering the judgment would likewise have continuing jurisdiction, impliedly reserved, to enforce or implement the rights secured by such provisions. * * *
“Although the jurisdictional question is not free from doubt, we reach the conclusion that upon an appropriate application and evidence in support thereof, a court which at a prior term has entered a divorce judgment has jurisdiction to enter a judgment ancillary in nature to enforce compliance with the terms of the original judgment.”
In the case of Knight v. Knight, supra, the court said that *592 accrued installments under support and maintenance provisions of a divorce decree may be reduced to judgment in a jurisdiction foreign to that in which the divorce was granted, where nothing is required beyond proof of a final order for the payment of money, plus a mathematical calculation of the amount due.
It is a general rule that there must be a specification in the judgment of the amount to be recovered before execution can issue thereon. Bank of America National Trust & Savings Assn. v. Standard Oil Co. of California, 10 Cal. (2d), 90, 73 P. (2d), 903. In order to have a judgment lien, there must be a final judgment for the payment of a definite and certain amount of money which may be collected by execution on property of the judgment debtor. A judgment for periodic installments for an indefinite time can not create a lien on real property, in the absence of a provision in the judgment itself for a lien. Olin v. Hungerford, 10 Ohio, 268; Yager v. Yager (periodic payments of alimony), 7 Cal. (2d), 213, 60 P. (2d), 422, 106 A. L. R., 664; Bird, Exrx., v. Murphy, 82 Cal. App., 691, 256 P., 258; (certiorari denied, 275 U. S., 487, 72 L. Ed., 387, 48 S. Ct., 38), see annotation, 79 A. L. R., 252.
It follows that if a judgment is so indefinite as to its amount that it can not create a lien on real property within the jurisdiction of the court granting it, no execution may be issued thereon which will create a lien on real estate in a foreign jurisdiction.
This court, is of the opinion that there is here no requisite judgment upon which execution can properly issue.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Zimmerman, Stewart and Be un, JJ., concur.