Taft, J.,
dissenting. The decision being rendered in the instant case is directly contrary to the decision'rendered by this court in 1839 in Piatt v. Piatt, 9 Ohio, 37. In that case, there *593 was a motion to set aside a sale and execution based upon a decree ordering a husband to pay as alimony $150 by a certain date and $75 every three months thereafter during the joint lives of the husband and wife. In the court’s opinion by Wood, J., at page 41, it is stated:
“The first objection raised * # * is ,!t * * an objection to the confirmation of sale, viz., that the execution issued for too large a sum. One hundred and fifty dollars was decreed to be paid on the 1st of September, and $75 every three months thereafter. As these distinct sums fall due at different periods, it is urged that a separate execution ought to issue for each. We think execution might issue upon each installment as it became due; but as the decree is an entire thing, though to be performed by the payment of periodical installments, if the complainant sees fit to wait until a number of these installments fall due, we see no substantial reason against including whatever may be due at the time of issuing the writ in the same execution.”
The motion was overruled and the sale was confirmed.
For over 124 years and until the decision of the Common Pleas Court in the instant case (67 Ohio Law Abs., 162, 116 N. E. [2d], 46), that decision of this court on the question of law involved in the instant case was noticed by Ohio courts only with approval. Thus, it was followed by the Circuit Court for Hamilton County in 1909 in Embshoff v. Embshoff, 12 C. C. (N. S.), 236, 21 C. D., 589, by the Common Pleas Court of that county in 1913 in Breen v. Breen, 14 N. P. (N. S.), 219, and by the Court of Appeals for Franklin County in 1947 in Bush v. Bush, 82 Ohio App., 255, 75 N. E. (2d), 832. Furthermore, it apparently represents the general law outside Ohio. Thus in 27 Corpus Juris Secundum, 1061, Section 265, it is said:
“Where payment of permanent alimony is to be made in installments, execution may issue to enforce payment of each installment as it falls due, or of so many of them as may be due at any one time * *
This question of law was not even considered in either Knight v. Knight, 70 Ohio Law Abs., 271, 114 N. E. (2d), 616, or Ellis v. Ellis, 94 Ohio App., 339, 115 N. E. (2d), 180. As to Collins v. Collins, 79 Ohio App., 329, 73 N. E. (2d), 814, the decision of the Court of Appeals in McPherson v. McPherson, *594 153 Ohio St., 82, 90 N. E. (2d), 675, had been certified to this court as in conflict with the Collins case. The syllabus and decision of affirmance by this court in the McPherson case are entirely inconsistent with the decision of the Court of Appeals in the Collins case. If this court’s decision had been in accordance with the decision of the Court of Appeals in the Collins case, then it might be doubtful whether a decree for payment of alimony in installments should now be regarded as a judgment upon which execution could be issued. However, in view of the decision of this court in McPherson v. McPherson, supra, such a decree can be and for some purposes must be regarded as a judgment. Compare Griffin v. Griffin, 327 U. S., 220, 90 L. Ed., 635, 66 S. Ct., 556, with Sistare v. Sistare, 218 U. S., 1, 54 L. Ed., 905, 30 S. Ct., 682, 28 L. R. A. (N. S.), 1068, 20 Ann. Cas., 1061.
Olin v. Hungerford, 10 Ohio, 268, cited in the majority opinion, was a holding that, where there was a decree for alimony to be paid in installments, such decree did not operate so as to impose upon land owned by the husband at the time of the decree a lien for an installment of alimony which became due several years after the husband had conveyed away such real estate. Although the soundness of that decision was subsequently questioned by this court (Conrad v. Everich, 50 Ohio St., 476, 478, 479, 35 N. E., 58, 40 Am. St. Rep., 679), it is not inconsistent with the decision or with the reasons given for the decision of the Piatt case. On the conveyance of the real estate involved in the Olin case, the amounts of installments not then due under the alimony decree would certainly not even he included within “the amount of the judgment that was ripe for execution” at that time. See Monaghan v. Monaghan, 25 Ohio St., 325.