[Civ. No. 140. Fifth Dist. Sept. 4, 1962.]

GEORGE MORENO, Plaintiff and Respondent, v. PER-
ICLES MIHELIS, Defendant and Appellant.

Alfred Nelson for Defendant and Appellant.

Cardozo, Trimbur & Nickerson and Robert L. Nickerson
for Plaintiff and Respondent.

450

CONLEY, P. J.—This is an appeal by the defendant, Pericles Mihelis, from an order of the superior court granting his motion to quash the writ of execution issued in the case only on condition that he dismiss his appeal from the judgment.

On the present appeal the respondent failed to file a brief within 30 days after service upon him of appellant's opening brief (Cal. Rules of Court, rule 16(a)*). Pursuant to the provisions of California Rules of Court, rule 17(b),† the clerk of this court thereupon notified the parties by mail that the case would be submitted for decision on the record and on the appellant's opening brief unless respondent filed a brief within 30 days after the date of mailing or showed good cause for relief. The 30-day period having passed, and no brief or application for relief from default having been filed by respondent, notification was given both parties by the clerk that the cause would be ordered submitted unless appellant requested oral argument. Appellant's counsel advised the court that he did not wish to argue the cause; the case was ordered submitted.

 Under the Rules on Appeal this court has the right to accept as true the statement of facts in appellant's opening brief. George Moreno, individually, and doing business under the firm name and style of Farmer George Moreno, obtained a money judgment against Pericles Mihelis; a writ of execution was issued and the sheriff levied upon certain monies owed to appellant by the E. & J. Gallo Winery. The judgment was thereafter paid in full by Mr. Mihelis, and on October 30, 1961, a satisfaction of judgment, executed by George Moreno and dated October 11, 1961, was filed in the office of the County Clerk of Stanislaus County.

On November 16, 1961, the appellant served and filed a notice of motion for an order: ". . . requiring the Sheriff of said Stanislaus County forthwith to release all levies, liens, writs, processes, attachments and other proceedings now pending in favor of plaintiffs and against the account, credits and moneys owing to defendant by E. & J. Gallo Winery and all other firms, persons and corporations; and to require said Sheriff to execute such releases, papers and documents as will enable defendant to collect from said E. & J. Gallo Winery and all other debtors of defendant all sums owing

*Formerly Rules on Appeal, rule 16(a).
†Formerly Rules on Appeal, rule 17(b).

to defendant and to discharge all such debtors of defendant of all claims and liabilities to plaintiffs.''

The motion was supported by an affidavit of Mr. Mihelis establishing that he had paid the judgment rendered in the action in full as to principal, interest and court costs; that the sheriff had levied upon monies due, owing and unpaid from E. & J. Gallo Winery to the affiant in the sum of $904.18, and that the winery would pay said amount to the appellant if the sheriff would release the levy, but that the sheriff refused to make any such release.

The motion was opposed by the plaintiff with the special request that the court make its order only upon condition that appellant execute a withdrawal of his appeal from the judgment in the case. After the hearing, the court made the following order:

''It Is Ordered that defendants and cross-complainant's Motion for Release of all Levies, liens, writs, processes, attachments and other proceedings now pending in favor of the plaintiff and against the account, credits and monies owing to defendant by E. & J. Gallo Winery and all other firms, persons and corporations be, and the same is hereby granted, conditioned upon the execution by Defendant and Cross-Complainant Pericles Mihelis of the Withdrawal of Appeal in the form set forth on Exhibit 'A' attached hereto and made a part of this Order as if fully set forth herein.''

The proposed withdrawal of appeal form, which is referred to in the order, bears the title of the case of *Moreno* v. *Mihelis,* 5 Civil 98, pending in this court, and states that Pericles Mihelis abandons the appeal.

 The order should have been granted by the court without condition. The sole legitimate function of the execution was to secure the payment of the judgment; and when the judgment was fully satisfied, there was no reason to continue any additional levy in effect. (33 C.J.S., Executions, § 143(e), p. 328.)

 As the result of quashing a writ of execution all rights and proceedings based thereon fall with it. (33 C.J.S., Executions, § 145, p. 338; *Hulse* v. *Davis,* 200 Cal. 316, 318 [253 P. 136]; *Parker* v. *Howe,* 114 Cal.App. 166, 169 [299 P. 553]; *Reily* v. *Young,* 21 Cal.App.2d 181 [68 P.2d 1015]; *Wellington* v. *Sedgwick,* 12 Cal. 469; *Reynolds* v. *Lincoln,* 71 Cal. 183 [9 P. 176, 12 P. 449].)

The trial court was in error if it thought that the mere fact of the payment of a judgment in full by the appellant

would necessitate the dismissal of an appeal as moot. ██ If an appellant is compelled to make payment of a judgment under threat of execution or other coercion he does not lose his right of appeal. (*Reitano* v. *Yankwich,* 38 Cal.2d 1 [237 P.2d 6].)

The judgment is reversed with directions to enter an order quashing the writ of execution and directing the setting aside of all levies thereunder without qualification.

Brown, J., and Stone, J., concurred.