[Civ. No. 31262.  Second Dist., Div. One.  Dec. 7, 1967.]

OLGA ROTH, Plaintiff and Respondent, v. ROBERT L. KEENE, Defendant and Appellant.

Joseph W. Jarrett, Frank W. Woodhead and Henry F. Walker for Defendant and Appellant.

Brody & Grayson for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment in favor of plaintiff in an action for personal injuries.

Plaintiff instituted this action against several defendants. A motion by Keene doing business as Silverlake Termite Control for a directed verdict was denied. A 10-to-2 jury verdict was returned in favor of plaintiff against Keene and against Donald Gurwell, doing business as A-1 Fumigating Company, and against plaintiff in favor of defendant, Beller. Judgment on the verdict was entered March 31, 1966. Keene filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. A new trial motion was ordered granted unless plaintiff consented to a remission of all damages in excess of $4,500 and was ordered denied if such

consent be filed. Within the time prescribed plaintiff filed her consent to such remission and Keene's new trial motion was denied. Keene appealed from the judgment, the denial of his motion for judgment notwithstanding the verdict and the denial of this motion for a new trial. No appeal was taken by plaintiff from the judgment in favor of defendant Beller. No appeal was taken by defendant Gurwell from the judgment in favor of plaintiff.

The facts are set forth in appellant's brief in considerable detail and length. Under the circumstances we see no need to give more than a brief idea of the facts as recited in the brief. Mrs. Roth was injured on Saturday, June 30, 1962, while hanging some clothing in a closet of an apartment into which she was moving when she stepped into a trap-door hole in the closet floor. The lid or cover of the trap-door was leaning against the wall of the closet.

Keene had done some maintenance work on the premises; however the trap-door lid, or cover, was in place over the trap-door hole as of June 29, 1962, and Keene had completed his work on the premises. Apparently after Keene's work was finished the fumigator, Gurwell, came to the premises on June 29, 1966, to do his work. There was no agency relationship between appellant and any other defendant to the action. As stated in appellant's brief, "In short, there is no evidence of any negligence, personal or imputed, on the part of appellant Keene proximately causing respondent's injury" and "From the facts heretofore stated, it is seen that plaintiff's action is based upon the claim that the lid or cover of the closet trap-door negligently had been removed so as to leave the hole uncovered and that as a proximate result she received injury when she fell in the uncovered hole. Yet, there is no evidence upon which to impose legal responsibility upon appellant for the condition which thus existed." Further, the brief sets forth, "He [appellant] completed the portion of the work he was able to do by June 26, 1962, prior to the June 30th accident. There is no evidence that appellant thereafter engaged in any work on the premises either personally or through anyone for whom he could be vicariously liable. The burden rested on plaintiff to establish otherwise, if such be her claim."

The trial judge refused to refused to give an instruction[1]

---

[1] "You are instructed that the general rule in the absence of certain exceptions not applicable here, is that one who employs an independent contractor is not liable to others for the negligence of the contractor in the performance of his work."

submitted by appellant. Appellant now urges that the jury was confused as to the law with reference to appellant's responsibility and that the giving of the instruction would have settled the confusion under which the jury was laboring.

Respondent has not seen fit to submit a brief in this case. The clerk of this court, pursuant to rule 17(b) of the Rules on Appeal, notified respondent, in effect, that the case would be submitted for decision on the record, and on the appellant's opening brief, unless respondent filed a brief. No brief has been forthcoming.

This court said in *Mann* v. *Andrus*, 169 Cal.App.2d 455, 458-459 [337 P.2d 473] : ''Where the respondent does not file any brief we are under no duty to look up the law, nor are we required to make any search for evidence. [Citation.] We feel that we have no course open to us except to accept as true the statement of facts in the appellant's opening brief. [Citation.] Further, we may assume, as is apparently correct in this case, that the respondent has abandoned any attempt to support the judgment, and we may also assume that the points made by the appellant are meritorious. [Citations.]''

In *Berry* v. *Ryan*, 97 Cal.App.2d 492, 493 [217 P.2d 1015], it is set forth: ''Since respondent has not filed a brief we assume that (1) the facts as stated in appellant's brief are true, (2) the evidence is insufficient to support material findings of fact of the trial court, and (3) respondent has abandoned any attempt to support the judgment, and that the ground urged by appellant for reversing the judgment is meritorious. [Citations.]

''Applying the foregoing rule it is evident that if material findings of the trial court are not supported by the evidence the judgment should be reversed.'' (See also *Duisenberg-Wichman & Co.* v. *Johnson*, 120 Cal.App. 227, 228 [7 P.2d 1081] ; *Weinfeld* v. *Weinfeld*, 159 Cal.App.2d 608, 612 [324 P.2d 342] ; *James* v. *James*, 125 Cal.App.2d 417 [270 P.2d 538] ; *MacGregor* v. *Kawaoka*, 132 Cal.App.2d 407, 409 [282 P.2d 130] ; *Grand* v. *Griesinger*, 160 Cal.App.2d 397, 407 [325 P.2d 475] ; *Moreno* v. *Mihelis*, 207 Cal.App.2d 449, 450 [24 Cal.Rptr. 582] ; *Perfection Paint Products* v. *Johnson*, 164 Cal.App.2d 739, 740 [330 P.2d 829].)

In the case at hand, under the circumstances, we assume the facts as stated in appellant's brief are true, that the evidence is insufficient to support the verdict of the jury and the judgment and that respondent has abandoned any attempt to

support the judgment, and that the grounds urged by appellant for reversing the judgment are meritorious.

The judgment is reversed with directions to the trial court to grant appellant's motion for judgment notwithstanding the verdict.

Wood, P. J., and Lillie, J., concurred.