[Civ. No. 33216. Fourth Dist., Div. Two. July 17, 1985.]

In re ANGELICA M., a Person Coming Under the Juvenile Court Law.
SAN BERNARDINO COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Plaintiff, v.
ANGELICA M., Defendant and Appellant;
ARTHUR M., Respondent.

**COUNSEL**

Dennis Kottmeier, District Attorney, and C. Dave Weede, Deputy District Attorney, for Defendant and Appellant.

No appearance for Respondent.

## OPINION

**THE COURT.**\*—The minor, age six at the time of the order, appeals from that part of a Welfare and Institutions Code section 300 dispositional order which placed her in the custody of her father. The minor was declared a dependent child of the court, custody was removed from her mother, and she was placed with her father.

The father is the interested respondent in this case. Despite twice being noticed pursuant to rule 17(b) of the California Rules of Court by the clerk of this court, the father has not filed a respondent's brief.[1] We also invited the father's counsel to submit a letter brief but none was filed.

### FACTS

The minor was in the legal and physical custody of her mother when she was sexually abused by her mother's boyfriend. Thereafter, the mother married the boyfriend.

According to reports in the appeal record, the minor's father lived in his parents' home and had no consistent contact with his daughter. It also appeared that he had alcohol abuse and marijuana use problems. The minor's father lacked job stability and his employment income was minimal. It also appeared that there was already overcrowding in the home of the paternal grandparents.

The reports also indicated excellent adjustment of the minor while temporarily maintained in the home of the maternal grandparents. In that placement the child was doing well in school and was receiving regular psychological counseling. The clinical psychologist working with the minor strongly recommended against placement with the father and for continued placement with the maternal grandparents.

At the time of rendering its placement decision, the court commenced by saying: "I don't see how I am able to make any of the findings required by Welfare and Institutions Code. I surely don't see how I could make those findings by a standard of clear and convincing evidence, as far as the father is concerned."

---

\*Before Morris, P. J., McDaniel, J., and Rickles, J.

[1] The mother did not appeal and has not filed a respondent's brief.

The maternal grandmother, with whom the minor had been temporarily placed, filed a notice of appeal but subsequently dismissed that appeal and has not filed a brief herein.

County Counsel, attorney for the San Bernardino County Department of Public Social Services, filed a letter stating it will not file a respondent's brief because its true posture is that of a potential appellant which has chosen not to appeal.

The court also said that "the most difficult part of this case, the part that most distresses me in reaching a decision, is that this abused child has come back beautifully while being in the home of her grandmother. There, she is getting the help she needs, there, she is doing well in school; she has a good relationship with the therapist who has really brought her along and is making her whole, completely whole. It seems to this Court that if the father were truly a caring person, he would leave her there. He would beg us to leave her in that home until she is completely well, but he obviously isn't. He, rather selfishly, insists on his legal rights in this case. He wants his child moved to a new environment. He wants her moved now. It would be a more crowded environment, it would be a less warm environment, it will be one where, apparently, people shout at her and upset her. It clearly would not be as good a place for his daughter's well-being.

"I recognize that. I am disturbed by it. I still think the law constrains me to order that to happen. I don't think I have authority to remove the child from the father at this time. I think there is just no substantial evidence that would permit that. And that is the basis of my ruling. ·

"That is not meant to be any compliment to the father. It is, simply, what I think the law demands. The child was in the custody of the mother, had trust in the mother, and, perhaps, that would be the best place for her but for the fact that the mother has not returned that trust. That leaves us forced by the law that applies to this Court, in my opinion, to order her returned to the father at this time."

The minor was ordered placed in her father's home. The placement conditions included that the father would obtain counseling for his daughter; that the father would not use alcohol to excess; that the father would not use drugs in the minor's presence; that the minor was not to be in the father's car if he had been drinking or using drugs; and that the father not allow the minor to be in the presence of two named persons.[2]

## DISCUSSION

The minor contends the court erred when it concluded that it had to make findings pursuant to Welfare and Institutions Code section 361, subdivision (b), to place her with a nonparent (maternal grandparents) in lieu of her father. Section 361, subdivision (b), provides, in part: "No dependent child shall be taken *from the physical custody of* his or her parents or

---

[2]According to one of the social worker reports in the appeal record, one of these persons is the father's brother-in-law who molested the minor one time when she was visiting her father.

guardians unless, upon the hearing, the juvenile court finds clear and convincing evidence of any of the following:'' abuses including physical abuse, psychological abuse, sexual abuse and the absence of a parent willing to have physical custody. (Italics added.) The minor says that because she was not in the physical custody of her father, section 361, subdivision (b), was inapplicable to the placement question as between her noncustodial father and a nonparent and the court should have applied Civil Code section 4600. We agree.

By the language of Welfare and Institutions Code section 361, subdivision (b), it only applies to taking a child from the *physical custody* of a parent. It contains no language making it applicable to a placement dispute as between a noncustodial parent and a nonparent. While section 361, subdivision (b), findings were necessary for removal of the minor from the physical custody of her mother, such findings were not required by the statute for placement questions involving the noncustodial father. As we understand the appeal record, the court thought that section 361, subdivision (b), findings also were necessary to place the child with the maternal grandparents rather than with the noncustodial father. We agree with the minor that the court should have been guided by the standards stated in *In re B. G.* (1974) 11 Cal.3d 679 [114 Cal.Rptr. 444, 523 P.2d 244], rather than section 361, subdivision (b).

*In re B. G.* held that Civil Code section 4600 governs custody awards in juvenile court proceedings. The court said that under section 4600 an award of custody to a nonparent, in a dispute between a parent and a nonparent, must be made according to the best interests of the child and there must be an express finding that parental custody would be detrimental to the child and that finding must be supported by evidence showing that parental custody would actually harm the child. (At pp. 683, 698-699; *In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1114 [200 Cal.Rptr. 789]; *In re Jeannette S.* (1979) 94 Cal.App.3d 52, 60 [156 Cal.Rptr. 262]; *In re Terry D.* (1978) 83 Cal.App.3d 890, 898 [148 Cal.Rptr. 221].)

The abuses listed in Welfare and Institutions Code section 361, subdivision (b), would suffice to satisfy the evidentiary finding of actual harm required by *In re B. G.*, but a court is not limited to the abuses listed in section 361 when deciding the custodial placement issue as between a nonparent and the noncustodial parent. Instead, the court must look to the facts and comply with the findings requirements of *In re B. G.*

■ The appeal record before us does not contain the full reporters' transcripts of the bifurcated dependency hearing and the father has not seen fit to submit a respondent's brief in this case despite twice being noticed

pursuant to rule 17(b) and despite an additional request by this court that he file a letter brief. Under the circumstances before us, we are entitled to and do assume that the facts as stated in the minor's opening brief are true; that the evidence was sufficient to support an award of custody to the maternal grandparents rather than to the noncustodial father under the standards required by *In re B. G.;* that the father has abandoned any attempt to support the dispositional order; and that the grounds urged by the minor for reversing the award of custody to the father are meritorious. (*Roth* v. *Keene* (1967) 256 Cal.App.2d 725, 727-728 [64 Cal.Rptr. 399].)

No issues have been raised concerning the jurisdictional phase of the dependency hearing.

### DISPOSITION

The juvenile court shall direct the preparation of a supplemental social study and conduct a new dispositional hearing on the limited question of placement of the minor with the father versus placement with a nonparent such as the maternal grandparents.[3] The court will not be limited by the provisions of Welfare and Institutions Code section 361, subdivision (b), in making its decision. The hearing will not include reconsideration of that portion of the dispositional order which removed the minor from her mother's custody.

The jurisdictional order is affirmed. That part of the dispositional order which placed the minor in the custody of her father is reversed and remanded to the juvenile court to conduct a limited new dispositional hearing; in all other respects the dispositional order is affirmed.

---

[3]We do not intend to suggest a particular disposition to the juvenile court which, of course, will render its decision based upon all relevant information before it, including information arising after the date of the prior dispositional hearing.